[No. A061777. First Dist., Div. Two. Sept. 22, 1993.]

JOAN A. HANSEN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, EL RANCHO
TROPICANA HOTEL et al., Respondents.

COUNSEL

Richens L. Wootton for Petitioner.

William B. Donohoe and Dennis M. Kuba for Respondents.

OPINION

SMITH, Acting P. J.—In this workers' compensation proceeding, we granted the applicant's petition for a writ of review to decide the question

whether California Labor Code section 3208.3, subdivision (d), as applied to petitioner, violates her constitutional rights to equal protection of the law and due process. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a).)[1]

Labor Code section 3208.3, subdivision (d), provides in effect that no compensation shall be paid for an employee's psychiatric injury resulting from a " 'regular and routine employment event' " unless the employee has been employed by the employer for at least six months.[2] The requirement of six months' employment does not apply to employees whose psychiatric injuries are related to a physical injury or result from a "sudden and extraordinary employment condition." (Fn. 2, *ante.*)

Petitioner's claim for psychiatric injury due to stress while working as a waitress for the El Rancho Tropicana Hotel in Santa Rosa was denied because she had not been employed by the hotel for six months. She argues that the requirement of six months' employment is arbitrary and violates her constitutional rights to equal protection of the law and due process.

■ The United States Supreme Court and the courts of this state apply one of two tests in determining whether state statutory classifications violate the constitutional guarantees of equal protection. (*Weber* v. *City Council* (1973) 9 Cal.3d 950, 958 [109 Cal.Rptr. 553, 513 P.2d 601].) In equal protection cases not involving suspect classifications or the alleged infringement of a fundamental interest, the classification is upheld if it bears a rational relationship to a legitimate state purpose. (*McGowan* v. *Maryland*

---

[1]The Workers' Compensation Appeals Board did not decide the issue because under article III, section 3.5, of the California Constitution the board does not have the power to declare a statute unconstitutional.

[2]Subdivision (d) was added to Labor Code section 3208.3 by amendment effective July 17, 1991. It provides: "(d) Notwithstanding any other provision of this division, no compensation shall be paid pursuant to this division for a psychiatric injury related to a claim against an employer unless the employee has been employed by that employer for at least six months. The six months of employment need not be continuous. This subdivision shall not apply if the psychiatric injury is caused by a sudden and extraordinary employment condition as distinguished from a regular and routine event. As used in this subdivision, a 'regular and routine employment event' includes, but is not limited to, a lawful, nondiscriminatory, good faith personnel action, such as discipline, work evaluation, transfer, demotion, layoff, or termination. Nothing in this subdivision shall be construed to authorize an employee, or his or her dependents, to bring an action at law or equity for damages against the employer for a psychiatric injury, where those rights would not exist pursuant to the exclusive remedy doctrine set forth in Section 3602 in the absence of the amendment of this section by the act adding this subdivision. Nothing in this section shall be construed to mean that there shall not be compensability for any psychiatric injury which is related to any physical injury in the workplace."

(1961) 366 U.S. 420, 425-426 [6 L.Ed.2d 393, 398-399, 81 S.Ct. 1101]; *McDonald* v. *Board of Election* (1969) 394 U.S. 802, 808-809 [22 L.Ed.2d 739, 745-746, 89 S.Ct. 1404]; *Weber* v. *City Council, supra,* 9 Cal.3d 950, 958-959.) But if the statutory scheme imposes a suspect classification, such as one based on gender, race, or wealth, or a classification which infringes on a fundamental interest, such as the right to pursue a lawful occupation, or the right to vote, or the right to interstate travel, the classification must be closely scrutinized and may be upheld only if it is necessary for the furtherance of a compelling state interest. (*Westbrook* v. *Mihaly* (1970) 2 Cal.3d 765, 784-785 [87 Cal.Rptr. 839, 471 P.2d 487], and cases cited; *Sail'er Inn, Inc.* v. *Kirby* (1971) 5 Cal.3d 1, 16-17 [95 Cal.Rptr. 329, 485 P.2d 529, 46 A.L.R.3d 351]; *Weber* v. *City Council, supra,* 9 Cal.3d 950, 959.)

■ Labor Code section 3208.3, subdivision (d), distinguishes between (1) employees with psychiatric injuries related to a physical injury in the workplace, or caused by a "sudden and extraordinary employment condition," and (2) employees with psychiatric injuries that result from a " 'regular and routine employment event,' " and are unrelated to a physical injury. We do not perceive that classification to be a "suspect classification." Nor does the classification infringe on any of petitioner's "fundamental" rights. Therefore, in determining whether section 3208.3, subdivision (d), violates the petitioner's constitutional right to equal protection, the test is whether there is a rational basis for the requirement of six months' employment before an employee may claim compensation for a psychiatric injury arising out of normal routine work. ■ In applying that test, all presumptions are in favor of the constitutionality of the statute; the courts will not invalidate the Legislature's classification unless it is palpably arbitrary and irrational. (*Meredith* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 777, 781 [140 Cal.Rptr. 314, 567 P.2d 746].)

■ Labor Code section 3208.3 was enacted as part of the Margolin-Greene Workers' Compensation Reform Act of 1989.[3] It is part of the Legislature's response to increased public concern about the high cost of

---

[3]Labor Code section 3208.3, subdivisions (a)-(c), provide: "(a) A psychiatric injury shall be compensable if it is a mental disorder which causes disability or need for medical treatment, and it is diagnosed pursuant to procedures promulgated under paragraph (4) of subdivision (j) of Section 139.2 or, until these procedures are promulgated, it is diagnosed using the terminology and criteria of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Third Edition-Revised, or the terminology and diagnostic criteria of other psychiatric diagnostic manuals generally approved and accepted nationally by practitioners in the field of psychiatric medicine.

"(b) In order to establish that a psychiatric injury is compensable, an employee shall demonstrate by a preponderance of the evidence that actual events of employment were

workers' compensation coverage, limited benefits for injured workers, suspected fraud and widespread abuses in the system, and particularly the proliferation of workers' compensation cases with claims for psychiatric injuries. For years commentators have written critically about problems unique to the disposition of psychiatric claims, notably vagueness in defining the injury and problems of establishing industrial causation and apportionment. (See, e.g., Lasky, *Psychiatry and California Workers' Compensation Laws: A Threat and a Challenge* (1980) 17 Cal. Western L.Rev. 1.)

The Legislature's expressed intent in enacting Labor Code section 3208.3 was to establish a new and higher threshold of compensability for psychiatric injury. (Lab. Code, § 3208.3, subd. (c).) The Legislature's apparent purpose in enacting subdivision (d) of section 3208.3 was to limit questionable claims for psychiatric injuries resulting from routine stress during the first six months of employment. Underlying this policy decision is the fact that in many employer-employee contracts the new employee is customarily on probation during the first six months of employment. It is during that period when problems between the employee and employer or supervisor often occur. Those problems often result in disciplinary action, resignation, or termination and lead to claims of psychiatric injury due to stress. Moreover, psychiatric injuries from stress during regular and routine employment are necessarily cumulative injuries that occur over time. Although the imposition of an employment period of six months may seem arbitrary to the employee, we do not find it so arbitrary or irrational as to render the statute unconstitutional on equal protection grounds. Nor does the statute deprive petitioner of due process of law.

Finally, petitioner also states the issue to be: "Is Labor Code section 3208.3 unconstitutional in that it deprives petitioner the right to litigate her claim for damages . . . ?" Although not clear from her petition, she is apparently alluding to the provision in subdivision (d) which precludes her from bringing a civil action for damages against her employer for a psychiatric injury. (Fn. 2, *ante.*) It is settled, however, that the exclusive remedy provisions of the workers' compensation statutes (Lab. Code, §§ 3601, 3602) do not violate an employee's constitutional rights to equal protection of the law and due process. (*Benjamin* v. *Ricks* (1976) 63 Cal.App.3d 593 [132 Cal.Rptr. 758]; *Wright* v. *FMC Corp.* (1978) 81 Cal.App.3d 777 [146 Cal.Rptr. 740].)

responsible for at least 10 percent of the total causation from all sources contributing to the psychiatric injury.

"(c) It is the intent of the Legislature in enacting this section to establish a new and higher threshold of compensability for psychiatric injury under this division."

The order denying petitioner's claim for a psychiatric injury is affirmed.

Benson, J., and Phelan, J., concurred.

Petitioner's application for review by the Supreme Court was denied November 23, 1993.