**In the Matter of the Worker's Compensation Claim of Merta FRANTZ, Appellant (Employee–Claimant),**

v.

**CAMPBELL COUNTY MEMORIAL HOSPITAL, Appellee (Employer–Defendant),**

v.

**STATE of Wyoming ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector–Defendant).**

No. 96–160.

Supreme Court of Wyoming.

Feb. 21, 1997.

Dan Davis, Laramie, for Appellant.

Thomas E. Lubnau, II, of Lubnau, Hand & Bailey, L.L.C., Gillette, for Appellee Campbell County Memorial Hosp.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans, Assistant Attorney General, for Appellee State of Wyoming.

Before TAYLOR, C.J., and THOMAS, MACY and LEHMAN, JJ., and NANCY J. GUTHRIE, District Judge.

MACY, Justice.

The hearing examiner granted a summary judgment in favor of Appellee Campbell County Memorial Hospital (the hospital) and Appellee State of Wyoming ex rel. Wyoming Workers' Compensation Division (the division) on the claim for worker's compensation benefits submitted by Appellant Merta Frantz (the claimant). The claimant filed a petition for review with the district court, and that court certified the case to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b).

We affirm the hearing examiner's decision.

## ISSUES

The claimant seeks our review of a single issue:

1. Wyoming Statute 27–14–102[ (a) ](xi)(J) states (as applicable here) that a Worker['s] Compensation claimant may not recover on a claim for a mental injury where that mental injury is not the result of a compensable physical injury. **Does the application of that rule in this case violate the equal protection**

clauses of both Wyoming's constitution and the 14th amendment of the US constitution?

## FACTS

The claimant worked for the hospital from April 29, 1991, until June 27, 1995. She filed a worker's compensation report of injury on July 5, 1995, alleging "[c]ontinuous unrelenting fear of job insecurity. Extreme & unbearable stress related to work environment, relationship to and treatment by senior management leading to emotional collapse." The division denied the claimant's request for worker's compensation benefits, and the claimant objected to the division's determination. The matter was referred to the Office of Administrative Hearings for a hearing.

The claimant, the division, and the hospital stipulated that the claimant did not suffer a physical injury which was compensable under the Wyoming Worker's Compensation Act. The division and the hospital then filed a joint motion for a summary judgment. The hearing examiner granted the motion, citing Wyo. Stat. § 27–14–102(a)(xi)(J) (Supp.1996) which excludes any mental injury from the definition of injury "unless it is caused by a compensable physical injury." The claimant subsequently filed a petition in the district court for a review of that administrative action, and the district court certified the case directly to this Court pursuant to W.R.A.P. 12.09(b).

## STANDARD OF REVIEW

We must adhere to various principles when we are addressing constitutional issues:

[S]tatutes are presumed to be constitutional, and one who denies the constitutionality of a statute must establish that unconstitutionality. Our rule is that courts have a duty to uphold statutes, and any doubts with respect to this issue will be resolved in favor of constitutionality. Expressing this in another way, we have said that unconstitutionality must be "clearly and exactly shown beyond a reasonable doubt." *Stephenson v. Mitchell ex rel. Workmen's Compensation Department*, [569 P.2d 95,

97 (Wyo.1977) ]. Not only is the burden of showing the classification to be improper on the assailant, but if any state of facts reasonably can be conceived which will sustain the classification, [such facts] will be assumed to have existed when the law was passed.

*Baskin v. State ex rel. Worker's Compensation Division*, 722 P.2d 151, 155–56 (Wyo. 1986) (some citations omitted).

## DISCUSSION

The claimant contends that, when the legislature amended the definition of "injury" in § 27–14–102(a)(xi), it created two classes of workers: one class in which those workers who have sustained an injury as the result of a hazard in the workplace are fully compensated and another class in which those workers who have sustained a mental injury which did not result from a physical injury are not compensated. She claims that such classifications violate the Equal Protection Clauses of the Wyoming and the United States constitutions because the classifications do not serve a legitimate state interest. The hospital argues that the legislature validly exercised its statutory authority when it amended § 27–14–102(a)(xi) by adding subparagraph (J) and that this section does not violate the Equal Protection Clauses of the Wyoming and the United States constitutions. The division maintains that § 27–14–102(a)(xi)(J) does not violate Wyoming and federal equal protection guarantees because it applies equally to all persons who are similarly situated or, in the alternative, because the classifications bear a rational relationship to a legitimate state objective.

In 1994, the legislature amended the definition of "injury" in the worker's compensation statutes so that a compensable injury is defined as being one which occurs simultaneously with or subsequent to a physical injury:

(a) As used in this act:

. . .

(xi) "Injury" means any harmful change in the human organism ... arising out of and in the course of employment.... "Injury" does not include:

. . .

(J) Any mental injury unless it is caused by a compensable physical injury, it occurs subsequent to or simultaneously with, the physical injury and it is established by clear and convincing evidence, which shall include a diagnosis by a licensed psychiatrist or licensed clinical psychologist meeting criteria established in the most recent edition of the diagnostic and statistical manual of mental disorders published by the American Psychiatric Association. In no event shall benefits for a compensable mental injury be paid for more than six (6) months after an injured employee's physical injury has healed to the point that it is not reasonably expected to substantially improve.

Section 27–14–102(a)(xi)(J).

 The intended purpose of worker's compensation is not to provide full coverage health insurance. *Graves v. Utah Power & Light Company,* 713 P.2d 187, 190 (Wyo. 1986). Worker's compensation is designed to afford social insurance, but the legislature's intended goals must also be achieved. *State ex rel. Wyoming Worker's Compensation Division v. Patch,* 798 P.2d 839, 841 (Wyo. 1990). This Court has declared that, if an ordinary interest is involved, a worker's compensation classification must bear a rational relationship to a legitimate state objective. *Baskin,* 722 P.2d at 155; *see also Allen v. Natrona County School District No. One,* 811 P.2d 1, 4 (Wyo.1991).

Although a split in authority exists, other states have adopted restrictions to the definition of injury which are similar to Wyoming's exclusion of certain mental injuries. *See* Donald M. Zupanec, Annotation, *Mental Disorders as Compensable under Workmen's Compensation Acts,* 97 A.L.R.3D 161 (1980); 82 AM.JUR.2D *Workers' Compensation* § 340 (1992); Patricia Pattison & Philip E. Varca, *Workers' Compensation for Mental Stress Claims in Wyoming,* XXIX LAND & WATER L.REV. 145, 158 (1994). Such restrictions have consistently withstood equal protection challenges in those jurisdictions. *See*

*Williams v. State Department of Revenue,* 895 P.2d 99, 104 (Alaska 1995); *Stratemeyer v. Lincoln County,* 259 Mont. 147, 855 P.2d 506, 511, *cert. denied,* 510 U.S. 1011, 114 S.Ct. 600, 126 L.Ed.2d 566 (1993); *Hansen v. Workers' Compensation Appeals Board,* 18 Cal.App.4th 1179, 23 Cal.Rptr.2d 30, 32–33 (1993); *Tomsha v. City of Colorado Springs,* 856 P.2d 13, 15 (Colo.Ct.App.1992).

Psychological disorders have become one of the fastest growing occupational illnesses in recent years which has resulted in an increased number of mental injury claims being made. Pattison & Varca, *supra,* at 146. "The financial implications of this can be profound."[1] Pattison & Varca, *supra,* at 147. Mental injuries differ from physical injuries, and they present unique concerns in the worker's compensation arena. Mental injuries are difficult to verify because the patient's description of his condition is often the sole basis for a diagnosis. While the science of psychiatry has made substantial progress in recent years, difficulties remain because psychiatry is not an exact science. Sara J. Sersland, *Mental Disability Caused by Mental Stress: Standards of Proof in Workers' Compensation Cases,* 33 DRAKE L.REV. 751, 752–53 (1983–84). With regard to the problems which may arise, one law review author observed:

> With respect to determining whether a causal relationship exists between the mental disability and the claimant's employment, the problem of uncertainty reaches its most severe degree. The heart of the problem is an overabundance of variables. The condition of an individual's mental health may be the result of any number of a wide range of factors, such as genotype, prenatal and early postnatal influences, heredity, interpersonal relationships, age, sex, environment, marital status, pregnancy, occupation, work load, alcohol use, physical defects and physical illness. Moreover, mental disorders are often thought not to be simply the result of one or more of these factors' effect in the recent past, but rather their

---

**1.** "It has been estimated that the overall healthcare costs of stressful workplaces might be as high as $300 billion annually, a figure that ex- ceeds the net income of all Fortune 500 companies." Pattison & Varca, *supra,* at 147.

effect at various times throughout an entire lifetime. Thus, it is no great surprise that the etiology of most mental disorders is thought to be inexplicable. The impossibility of trying to determine the causal significance of simply one factor, such as employment, to a person's mental condition is apparent. Yet, the task of trying to do so is required in workers' compensation proceedings in order to determine whether the mental disability arose out of the employment.

Sersland, *supra*, at 756–57 (footnotes omitted). A Wyoming law review article sheds additional light on the problems which are associated with compensating for mental injuries:

> The difficulties become apparent with issues of causation and responsibility for loss. From the outset, there is lack of clarity over the nature of stress and its causes. To illustrate, work stress may result from events outside the job or predisposition to stressors among workers. While an accurate determination of cause and effect would seem essential to developing a consistent body of rulings, this goal remains elusive. Moreover, the courts are attempting to resolve these issues while, as a backdrop, workers' compensation systems in several states are hard pressed to remain solvent and the average cost for each claim exceeds $19,000.

Pattison & Varca, *supra*, at 147 (footnotes omitted).

 Issues which relate to proof, causation, and frivolous or fraudulent claims create significant economic concerns with regard to the increased costs for processing and adjudicating mental injury claims. Economic concerns and burdens which are placed upon certain businesses are legitimate state interests. *Baskin*, 722 P.2d at 156. The legislature's attempt to ensure that claimants receive quick, efficient, fair, and predictable medical benefits as well as its effort to prevent fraud and abuse, thereby reducing the employers' costs, are rationally related to those legitimate state interests.

We agree with the language in an Alaska opinion wherein the Supreme Court of that state upheld the restriction on coverage for certain mental injuries:

> The distinction between physically injured workers and workers with stress-related mental injuries is [rationally] related to the state's goal of efficiently and fairly distributing benefits while cutting costs for employers. The amendments eliminate unusually susceptible claimants and attempt to minimize fraud and abuse in claims for stress-related mental injuries, thereby saving employers money.

*Williams*, 895 P.2d at 104 (footnote omitted).

The claimant in this case has failed to meet her burden of demonstrating that excluding a mental injury which is not accompanied by a physical injury is not rationally related to a legitimate state objective. Applying our general rules for analyzing the constitutionality of a statute under the rational basis test, we hold that the classifications at issue are rationally related to the legitimate governmental objectives of controlling the costs and protecting the viability of the worker's compensation program.

Affirmed.