Lorraine PINKERTON, Appellant
(Petitioner),

v.

STATE of Wyoming ex rel., WYOMING
WORKERS' SAFETY AND COMPEN-
SATION DIVISION, Appellee (Respon-
dent).

No. 96–294.

Supreme Court of Wyoming.

June 10, 1997.

Donald L. Painter, Casper, for Appellant.

William U. Hill, Attorney General; John
W. Renneisen, Deputy Attorney General;
Gerald W. Laska, Sr. Assistant Attorney
General; Bernard P. Haggerty, Assistant At-
torney General, for Appellee.

Before TAYLOR, C.J., and THOMAS,
MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Appellant Lorraine Pinkerton appeals the
denial of her claim for worker's compensation
benefits. She challenges the constitutionality
of WYO. STAT. § 27–14–102(a)(xi)(J), which ex-
cludes workers' compensation benefits for
mental injury which is not accompanied by
physical injury, on the grounds that it vio-
lates equal protection.

Our recent decision in *Frantz v. Campbell
County Memorial Hosp.*, 932 P.2d 750 (Wyo.
1997), addressed this precise issue and is
dispositive. The statute is constitutional and
the order denying benefits is affirmed.

### ISSUES

Pinkerton states the issue to be:

1. Whether W.S.1977 § 27–14–
102(a)(xi)(J) is unconstitutional as a denial
of equal protection and due process for
arbitrarily providing for the compensabili-
ty of mental injury accompanied by physi-
cal trauma and the non-compensability of
mental injury unaccompanied by physical
trauma.

The Division of Workers' Compensation
(Division) restates it as:

A. Whether the denial of benefits for the
Appellant's mental injury violated the
Equal Protection Clause of the Fourteenth
Amendment.

### FACTS

Pinkerton worked at the Wyoming Wom-
en's Correctional Center as a correctional
officer. On March 9, 1996, while working the
graveyard shift, Pinkerton discovered the
body of an inmate who had committed suicide
by hanging. Although she does not remem-
ber doing so, Pinkerton untied the knot from
around the deceased's neck and helped to lay
her down. This dissociative incident was
followed by flashbacks, an overwhelming fear
of the dark, extreme anxiety, and fatigue
from disrupted sleep because of nightmares

which rendered Pinkerton unable to return to work for several days after the incident. When she did return to work, additional symptoms surfaced leaving her unable to make rounds and check the safety of those inmates under a suicide watch for fear of what she might find. Pinkerton had seen the Center's psychologist after the incident and was prescribed an anti-depressant by her family physician, but her symptoms did not diminish. On April 7, Pinkerton resigned her position. In June, she began seeing a psychotherapist at Eastern Wyoming Mental Health Center. Pinkerton was diagnosed with post-traumatic stress disorder caused by discovering the dead inmate and began counseling sessions. Because of the loss of her job, she was unable to afford the recommended dosage of her anti-depressant. She has somewhat improved with counseling.

Pinkerton filed a worker's compensation claim for her mental injury, which was denied by the Division. She challenged the constitutionality of the statute which precludes recovery for mental injury unaccompanied by physical injury and received a contested case hearing. At the hearing, she and her counsel both stated that she did not suffer a physical injury because of this incident. Without ruling on the statute's constitutionality, the hearing examiner denied her claim. She petitioned the district court for review and it certified the constitutional question to this Court in accordance with WYO. R.APP. P. 12.09.

## DISCUSSION

*Standard of Review*

Rule 12.09 of the Wyoming Rules of Appellant Procedure provides for judicial review of agency action according to WYO. STAT. § 16-3-114(c) (1990), which states:

The reviewing court shall:

\*   \*   \*   \*   \*   \*

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

\*   \*   \*   \*   \*   \*

(B) Contrary to constitutional right, power, privilege or immunity; . . . .

WYO. STAT. § 16-3-114(c)(ii)(B) (1990).

*Equal Protection*

WYO. STAT. § 27-14-102(a)(xi)(J) (Cum. Supp.1996) provides:

(xi) "Injury" means any harmful change in the human organism . . . arising out of and in the course of employment. . . . "Injury" does not include:

(J) Any mental injury unless it is caused by a compensable physical injury, it occurs subsequent to or simultaneously with, the physical injury and it is established by clear and convincing evidence, which shall include a diagnosis by a licensed psychiatrist or licensed clinical psychologist meeting criteria established in the most recent edition of the diagnostic and statistical manual of mental disorders published by the American Psychiatric Association. In no event shall benefits for a compensable mental injury be paid for more than six (6) months after an injured employee's physical injury has healed to the point that it is not reasonably expected to substantially improve.

Pinkerton contends that the statute creates an unconstitutional classification when it distinguishes between one class of workers who have suffered a compensable injury because of physical injury and another class of workers who have suffered noncompensable mental injury. Since this appeal was filed, we decided this precise issue in *Frantz v. Campbell County Memorial Hospital,* 932 P.2d 750 (Wyo.1997). We held that denying coverage for mental injury did not violate equal protection guarantees because the classifications bear a rational relationship to a legitimate state objective, namely, the economic concerns and burdens associated with mental injury. *Frantz,* 932 P.2d at 753-54. Our decision in *Frantz* is dispositive of the issue presented by Pinkerton. The order denying benefits is affirmed.