Opinion
 

 GILBERT, J.
 

 An employee suffers a psychiatric injury. Labor Code section 3208.3, subdivision (d), provides that in order for the employee’s psychiatric injury to be compensable, the injured employee must be
 
 *1055
 
 employed for more than six months, unless the injury is caused by a sudden and extraordinary employment incident.
 
 [1]
 

 Section 5402 provides that an injury is deemed compensable if the employer fails to reject a claim within 90 days, unless rebutted by evidence not readily discoverable in that period.
 
 [2]
 

 Here we hold that the provisions of section 5402 do not apply to employees claiming psychiatric injuries who have been employed for less than six months where the injury is not caused by a sudden and extraordinary employment incident. In such circumstances, the employer may assert that the conditions of compensability for a psychiatric injury under section 3208.3, subdivision (d), have not been met even though the employer has provided medical treatment and temporary disability to the employee for over one year.
 

 Petitioner Rebecca James seeks to annul the order of respondent Workers’ Compensation Appeals Board (the Board) after reconsideration. The Board affirmed the finding of the workers’ compensation judge (WCJ) that section 5402 did not prevent respondent employer Paso Robles Convalescent Hospital (Paso Robles) from raising the provisions of section 3208.3, subdivision (d), even though the 90-day period set forth in section 5402 had passed.
 

 Facts
 

 The facts are not in dispute. James alleged an injury to her psyche one and one-half months after she was hired by Paso Robles as a vocational nurse. The day after the claimed injury, Paso Robles arranged for James’s medical examination. Paso Robles provided treatment and paid for indemnity benefits within the 90-day period set forth in section 5402. Over one year later
 
 *1056
 
 Paso Robles first raised the issue that James had not been employed by Paso Robles for at least six months.
 

 Discussion
 

 James contends that the operation of section 5402 prevents Paso Robles from raising the provisions of section 3208.3.
 

 The WCJ in his report and recommendation on reconsideration opined that James’s argument would be persuasive if her injury had been one other than a psychiatric injury. This is because the opening phrase of section 3208.3, subdivision (d), states: “Notwithstanding any other provision of this division . . . .” This phrase was added to the amended version of section 3208.3, subdivision (d), which postdated the enactment of section 5402. Because both sections 5402 and 3208.3 are part of division 4 of the Labor Code, and the Legislature is presumed to be aware of how its existing laws will affect new laws it enacts, the WCJ reasoned that section 3208.3, subdivision (d), created an exception to section 5402.
 

 The Board agreed with the WCJ’s reasoning. It concluded that the Legislature made section 5402 subordinate to the provisions of section 3208.3, subdivision (d).
 

 James argues that the Board’s reading of section 3208.3, subdivision (d), is wrong. She points out that the opening phrase of the statute refers to the higher burden of proof imposed on a worker with psychiatric injuries, not to an exclusion. The Legislature’s express intent in enacting section 3208.3 was “to establish a new and higher threshold of compensability for psychiatric injury . . . .” (§ 3208.3, subd. (c).) “The Legislature’s apparent purpose in enacting subdivision (d) of section 3208.3 was to limit questionable claims for psychiatric injuries resulting from routine stress during the first six months of employment.”
 
 (Hansen
 
 v.
 
 Workers’ Compensation Appeals Bd.
 
 (1993) 18 Cal.App.4th 1179, 1184 [23 Cal.Rptr.2d 30].)
 

 As additional support for her view that the opening phrase in section 3208.3, subdivision (d) does not establish a categorical exclusion, she points to other language in subdivision (d) which she contends merely qualifies the opening phrase. The third sentence says: “This subdivision shall not apply if the psychiatric injury is caused by a sudden and extraordinary employment condition.”
 

 It is true that the employee has a more difficult burden to establish compensability for a psychiatric injury. That is obvious from the language of
 
 *1057
 
 section 3208.3, subdivision (d), itself and from the language in section 3208.3, subdivision (c), which states: “It is the intent of the Legislature in enacting this section to establish a new and higher threshold of compensability for psychiatric injury under this division.”
 

 That section 3208.3, subdivision (d) contains a narrow exception to the broader exception of the opening phrase does not confine the meaning of the opening phrase to only subdivision (d). Reading the statute as a whole, as the employee suggests, the meaning we derive is that notwithstanding anything to the contrary _ in division
 
 4
 
 of the Labor Code, psychiatric injuries to employees are not compensable within the first six months of employment except if the injury is caused by a sudden and extraordinary employment condition.
 

 Amicus curiae argues that section 5402 was designed to effect a prompt determination of compensability and to expedite workers’ compensation proceedings. Among the numerous cases he cites is
 
 State Compensation-Ins. Fund v. Workers’ Comp. Appeals Bd.
 
 (1995) 37 Cal.App.4th 675 [43 Cal.Rptr.2d 660] (hereinafter
 
 Welcher).
 

 In
 
 Welcher,
 
 the employee had numerous medical problems, none of which were industrially related. The employer failed to deny the claim until after 90 days. The Court of Appeal held that the presumption of section 5402 applied and that employer could not rebut the presumption of section 5402 by medical evidence that could have been obtained during the 90-day period.
 

 Welcher
 
 did not involve the narrow exception created by section 3208.3, subdivision (d). Here we agree with Paso Robles that James is not unduly prejudiced by our decision. Therefore Paso Robles is not estopped from asserting section 3208.3, subdivision (d). James has extensive medical reports obtained soon after her injury. She still has the opportunity to prove, if she can, that her psychiatric injury was the result of a sudden and extraordinary employment condition. Irrespective of the outcome, she has had the benefit of treatment and indemnity benefits paid by Paso Robles for over one year.
 

 The order allowing petitioner to raise the provisions of section 3208.3, subdivision (d), is affirmed.
 

 Stone (S. J.), P. J., and Coffee, J. concurred.
 

 Petitioner’s application for review by the Supreme Court was denied September 3, 1997.
 

 [1]
 

 Labor Code section 3208.3, subdivision (d) states: “Notwithstanding any other provision of this division, no compensation shall be paid pursuant to this division for a psychiatric injury related to a claim against an employer unless the employee has been employed by that employer for at least six months. . . . This subdivision shall not apply if the psychiatric injury is caused by a sudden and extraordinary employment condition. Nothing in this subdivision shall be construed to authorize an employee, or his or her dependents, to bring an action at law or equity for damages against the employer for a psychiatric injury, where those rights would not exist pursuant to the exclusive remedy doctrine set forth in Section 3602 in the absence of the amendment of this section by the act adding this subdivision.”
 

 All further statutory references are to the Labor Code.
 

 [2]
 

 Section 5402 states: “Knowledge of an injury, obtained from any source, on the part of an employer, his or her managing agent, superintendent, foreman, or other person in authority, or knowledge of the assertion of a claim of injury sufficient to afford opportunity to the employer to make an investigation into the facts, is equivalent to service under Section 5400. If liability is not rejected within 90 days after the date the claim form is filed under Section 5401, the injury shall be presumed compensable under this division. The presumption is rebuttable only by evidence discovered subsequent to the 90-day period.”