2001 WY 45

Cathy SECHRIST, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).

No. 00–172.

Supreme Court of Wyoming.

May 10, 2001.

Donald L. Painter, Casper, WY, for Appellant.

Gay Woodhouse, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Gerald L. Laska, Senior Assistant Attorney General; David L. Delicath, Assistant Attorney General. Argument by Mr. Delicath, for Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

GOLDEN, Justice.

[¶ 1] This appeal presents the sole issue of whether benefits should be denied to a claimant who proves that her depression is caused by a compensable physical injury as required by statute, but fails to have her diagnosing, licensed psychologist state aloud that the diagnosis is based upon the criteria of the most recent edition of the diagnostic and statistical manual of mental disorders (DSM–IV) published by the American Psychiatric Association. We hold that statements in the psychologist's evaluation, which is an exhibit in the record, satisfy the statute. We reverse the district court's order affirming the denial of benefits and remand for entry of an order granting benefits.

## ISSUES

[¶ 2] Appellant Cathy Sechrist presents this issue for our review:

1. Whether the Hearing Examiner erred in not affording the parties and their counsel an opportunity to address the ground upon which the case was decided.

Appellee Workers' Safety and Compensation Division (Division) restates the issues as:

1. Did the hearing examiner err in denying the appellant's claim for failure to es-

tablish every element of her claim by a preponderance of the evidence?

2. Did the hearing examiner err in denying the appellant's motion for reconsideration?

## FACTS

[¶ 3] Cathy Sechrist sustained a compensable arm injury in the course of her employment on September 18, 1995. She was given a nine percent whole body impairment and received a permanent partial disability award. On October 6, 1998, the Division denied a claim for medical treatment of her abdomen and depression, stating that neither were related to the original work injury. Sechrist requested a contested case hearing. In its disclosure statement, the Division specified that it was contesting that the depression was related to the original work injury and that the "injuries do not meet the definition of 'injury' as set forth in W.S. § 27–14–102(a)(xi)." By deposition, Sechrist's treating general practitioner, Dr. Swedberg, eliminated any causation between other physical injuries and the 1995 physical injury, and the hearing examiner determined that the only issue left to be resolved was the causal relationship between her 1995 physical injury and her depression.

[¶ 4] Dr. Swedberg and Sechrist's licensed treating psychologist, Jacques Herter, Ph.D., both testified by deposition that each had diagnosed her with depression. Dr. Swedberg had treated her for it with antidepressants since November of 1995. Dr. Herter first saw Sechrist in May of 1996, for stress and anxiety related to chronic pain, and at that time, did not make a depression diagnosis. In 1997, Sechrist was evaluated by Dr. Herter to see if she qualified for Social Security disability based on psychological and physical problems. To perform a mental status evaluation, Dr. Herter administered two psychological tests, the Beck Depression and Hopelessness Inventory, and a mental status evaluation. Based on those tests, Dr. Herter diagnosed her with major depression and recommended that she be placed under psychiatric and psychotherapy care and antidepressants continued. When asked to explain what factors comprise the diagnosis of major depression, Dr. Herter detailed those factors and testified that Sechrist satisfied all of the requirements. The exhibits attached to Dr. Herter's deposition included the 1997 psychological evaluation performed for Social Security. That report's diagnostic impression identified the DSM–IV.

[¶ 5] The hearing examiner issued an order denying benefits. In the findings of fact for depression, the hearing examiner noted that Sechrist had the burden of proving her depression meets the definition of injury provided in Wyo. Stat. Ann. § 27–14–102(a)(xi)(J) (Lexis 1999):

(xi) "Injury" does not include:

* * *

(J) Any mental injury unless it is caused by a compensable physical injury, it occurs subsequent to or simultaneously with, the physical injury and it is established by clear and convincing evidence, which shall include a diagnosis by a licensed psychiatrist or licensed clinical psychologist meeting criteria established in the most recent edition of the diagnostic and statistical manual of mental disorders published by the American Psychiatric Association. In no event shall benefits for a compensable mental injury be paid for more than six (6) months after an injured employee's physical injury has healed to the point that it is not reasonably expected to substantially improve.

The hearing examiner's findings of fact stated:

5. Dr. Swedberg testified in his deposition that depression magnifies the pain syndrome and was related to the initial injury. Exhibit 1, p. 13, line 16 and p. 20 lines 4 and 18.

6. Dr. Jacques P. Herter testified in his deposition that he diagnosed Sechrist with major depression which was caused by the persistence of pain in her elbow. Exhibit 2 p. 13 lines 9 and 20.

7. Dr. Herter performed psychological evaluations of Sechrist on May 19, 1996 and June 25, 1997. Dr. Herter indicated in the 1997 evaluation that Sechrist is currently experiencing Major Depression and a Pain Disorder. She has a high level of

depression on the Beck Depression inventory. Exhibit 2 Deposition Exhibit 2.

8. Sechrist has established by a preponderance of the evidence that depression is caused by her compensable physical injury, however she has failed to provide evidence that the diagnosis made by licensed psychiatrist or licensed clinical psychologist meets the criteria established in the most recent edition of the diagnostic and statistical manual of mental disorders published by the American Psychiatric Association.

[¶ 6] Benefits were denied because the hearing examiner determined that Sechrist had not provided evidence that the diagnosis met the criteria of the manual for which the most recent edition is commonly referred to as the DSM–IV. Sechrist requested a reconsideration and offered proof that Dr. Herter's diagnosis did meet the criteria established in the most recent edition of the manual, but the hearing examiner denied the motion on grounds that the evidence did not constitute newly discovered evidence. The district court affirmed these denials, and this appeal followed.

## DISCUSSION

*Standard of Review*

[¶ 7] Judicial review of agency action is governed by Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999):

To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

* * *

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

* * *

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

*General Chemical Corp. v. Prasad,* 11 P.3d 344, 346 (Wyo.2000).

[¶ 8] Sechrist contends that the sole issue at the hearing was whether the depression was causally related to the work-related injury and whether the hearing examiner improperly denied benefits on another issue. The Division contends that benefits were properly denied for failure to prove every element of the claim by a preponderance of the evidence. We find that the issue on appeal is the proper interpretation of Wyo. Stat. Ann. § 27–14–102(a)(xi)(J), first enacted in 1994.

[¶ 9] Before this provision's enactment, a worker could recover for mental injuries developing gradually without an accompanying physical injury. *In Re Summers,* 987 P.2d 153, 155 (Wyo.1999) (citing *Graves v. Utah Power & Light Co.,* 713 P.2d 187, 193 (Wyo. 1986)). This provision now excludes from coverage "[a]ny mental injury unless it is caused by a compensable physical injury, it occurs subsequent to or simultaneously with, the physical injury * * *." Wyo. Stat. Ann. § 27–14–102(a)(xi)(J) (Lexis 1999). *Summers,* 987 P.2d at 155. After the provision's enactment, we denied an equal protection challenge in *Frantz v. Campbell County Memorial Hosp.,* 932 P.2d 750, 754 (Wyo.1997). Although we have considered the equal protection challenge, we have not otherwise interpreted this provision.

[¶ 10] Our well-established rules of statutory interpretation were recently summarized to be:

We decide initially whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute. In effectuating the plain language of the statute, we begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute

as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia.* If, on the other hand, we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent.

*Prasad,* 11 P.3d at 347.

[¶ 11] Subsection J is unambiguous and presents a question of fact whether the employee has shown by a preponderance of evidence that she has received a diagnosis satisfying the statute's specific requirements: a diagnosis by a licensed psychiatrist or psychologist that meets the criteria for that mental disorder in the specified manual by the American Psychiatrists Association. This burden of proof differs from the provision's requirement that the employee show by clear and convincing evidence that she has suffered a compensable mental injury caused by a compensable physical injury. Here, the hearing examiner properly assigned a preponderance of the evidence standard to the question of fact whether the employee showed that her diagnosis had been made by the proper medical authority in accordance with the proper criteria.

[¶ 12] As our discussion of the statement of facts showed, the overwhelming weight of the evidence did establish by a preponderance of the evidence that Sechrist's depression was diagnosed by the proper authority in accordance with the criteria of the DSM–IV. The hearing examiner's finding of fact that Sechrist had failed to provide this evidence is arbitrary and capricious. The evidence did not indicate that the DSM–IV was the most recent edition of this particular publication, but the Division did not challenge it. It is, therefore, a technicality, and it serves no purpose to deny benefits on a technicality. In any event, the hearing examiner is entitled to take judicial notice of that fact. *See Heiss v. City of Casper Planning and Zoning Comm'n,* 941 P.2d 27, 31 (Wyo.1997) (capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned).

[¶ 13] Our review of the record showed that Sechrist established by clear and convincing evidence that her depression is caused by her compensable physical injury, and the hearing examiner's finding on this issue is correct. The Division does not challenge the accuracy of this finding, and we need not remand this case for further proceedings. Having met her burden, we reverse the order denying benefits and remand to the hearing examiner for entry of an order granting benefits.

[¶ 14] This ruling is dispositive of the issues, and we need not consider Sechrist's claim that the Division failed to specifically challenge whether Dr. Herter's depression diagnosis met the criteria of the DSM–IV in its Final Determination letter, and the hearing examiner was therefore precluded from considering the issue. The order denying benefits is reversed, and the case is remanded for entry of an order granting benefits.