2010 WY 161

In the Matter of the Worker's Compensation Claim of Abe S. WHEEL-ER, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).

No. S–10–0041.

Supreme Court of Wyoming.

Dec. 10, 2010.

Representing Appellant: Michael D. Newman, Hampton & Newman, L.C., Rock Springs, Wyoming; Donna D. Domonkos, Cheyenne, Wyoming; George Santini, Ross, Ross & Santini, LLC, Cheyenne, Wyoming.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; James Michael Causey, Senior Assistant Attorney General; Kelly Roseberry, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT *, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1] Mr. Wheeler developed post traumatic stress disorder (PTSD) and major depressive disorder (MDD) after two of his fellow volunteer firefighters died in an explosion. He appeals from the district court's order affirming the Office of Administrative

* Chief Justice at time of expedited conference.

Hearing's (OAH) denial of worker's compensation benefits for treatment of his PTSD and MDD. Concluding that the OAH properly applied the statutory language which excludes benefits for a mental injury unless it is caused by a compensable physical injury, we affirm.

ISSUES

[¶ 2] Mr. Wheeler presents the following issues on appeal:

Issue I

The overwhelming weight of the evidence is post traumatic stress disorder and major depressive disorder are caused by physical changes in the human organism and meet the definition of injury in Wyo. Stat. § 27–14–102(a)(xi).

Issue II

The hearing examiner's decision was arbitrary and capricious and otherwise not in accordance with the law.

Issue III

Wyo. Stat. § 27–14–102[ (a) ](xi)(J) is unconstitutional as it is vague, undefined and inapplicable to the claimant's condition and fails to apply the constitutional provision of Article 10 Section 4 of the Wyoming Constitution.

The State ex. rel. Wyoming Workers' Compensation and Safety Division (the Division) phrases the issues differently:

I. Was the Hearing Examiner's decision denying benefits because Wheeler's mental injuries were not caused by a compensable physical injury supported by substantial evidence?

II. Was the Hearing Examiner's decision denying benefits arbitrary, capricious, or otherwise not in accordance with Wyoming law?

III. Can Wheeler's argument that Wyo. Stat. Ann. § 27–14–102(a)(xi)(J) is unconstitutional be properly raised in an administrative proceeding?

## FACTS

[¶ 3] The tragic facts of this case are not in dispute. Mr. Wheeler had been a volunteer firefighter and emergency medical technician (EMT) for several years when he responded to a fire call on April 18, 2005. The fire was located at an apartment complex in Evanston where he and his family lived.

[¶ 4] Mr. Wheeler arrived at the complex and donned his fire fighting gear. In the meantime, two other firefighters entered the burning building because they had received reports there were children trapped inside. While the firemen were inside the building, there was a large explosion. Mr. Wheeler attempted to enter the building through the front door, but could not because of the fire. He also tried a side window, but it also was blocked by fire. Mr. Wheeler obtained a hose and finally entered the building from the back. He initially proceeded down a hallway, but then froze in fear until his lieutenant pushed him forward. As Mr. Wheeler climbed some stairs, his breathing apparatus snagged on the stairway railing. He worked to free the equipment and then saw one of the firefighters who had been in the building during the explosion. The firefighter was lying on the floor and had been burned beyond recognition. He also saw the other fireman, who had suffered a similar fate. Both firemen died as a result of their injuries.

[¶ 5] While in the building, the alarm on Mr. Wheeler's breathing apparatus activated. He panicked and removed the mask from his face, but his lieutenant put it back on and pulled him out of the building. Mr. Wheeler suffered burns to his face, back and legs and smoke inhalation.

[¶ 6] Mr. Wheeler was taken to a local hospital and then transferred to Salt Lake City for treatment of his injuries. Those injuries eventually healed; however, Mr. Wheeler began to experience emotional problems, including sleep difficulties, anger, difficulties with family, work and social interaction, and paranoia. The fire department arranged for a counselor to "debrief" the department members in a group session, but Mr. Wheeler said he did not benefit from it.

[¶ 7] Mr. Wheeler eventually sought individual treatment and was diagnosed with PTSD and MDD. He received prescription drug treatment and counseling to address the problems. At first, the Division paid for his treatment. In June 2006, the Division referred Mr. Wheeler for a permanent partial impairment (PPI) rating for his PTSD. He saw two different doctors, both of whom stated that he had not yet reached maximum medical improvement (MMI), although one issued an eight percent PPI rating. The Division obtained a record review from impairment evaluation experts, Brigham & Associates, who confirmed that he had not reached MMI, but also stated that he suffered from a mental, rather than physical, injury.

[¶ 8] The Division offered Mr. Wheeler an eight percent PPI award, to which he objected. The Division also issued final determinations denying any further claims for treatment of his PTSD on the basis that his injury was mental in nature and not compensable under the statutory definition of injury, Wyo. Stat. Ann. § 27–14–102(a)(xi)(J) (Lexis-Nexis 2009). Mr. Wheeler objected and the matter was referred to the OAH for a hearing.[1] After a contested case hearing, the OAH issued a decision denying benefits for treatment of his PTSD and MDD. Mr. Wheeler filed a petition for review, the district court affirmed, and he appealed to this Court.

## STANDARD OF REVIEW

[¶ 9] On appeal from a district court's review of an administrative agency's decision, we give no deference to the district court's decision. We review the case as if it had come directly from the administrative agency. *Dutcher v. State ex rel. Wyoming Workers' Safety & Comp. Div.*, 2010 WY 10, ¶ 9, 223 P.3d 559, 561 (Wyo.2010); *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo.2008). Our review is

---

1. The hearing examiner noted that the OAH did not have jurisdiction to consider the PPI award, as the Medical Commission has jurisdiction over such matters. Accordingly, the agency order at issue here does not directly address the propriety of the PPI award.

governed by Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2009):

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

[¶ 10] We review the agency's findings of fact by applying the substantial evidence standard. *Dale*, ¶ 22, 188 P.3d at 561. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bush v. State ex rel. Wyoming Workers' Comp. Div.*, 2005 WY 120, ¶ 5, 120 P.3d 176, 179 (Wyo.2005) (citation omitted). "Findings of fact are supported by substantial evidence if, from the evidence preserved in the record, we can discern a rational premise for those findings." *Id.* "We review an agency's conclusions of law *de novo*, and will affirm only if the agency's conclusions are in accordance with the law." *Moss v. State ex rel. Wyoming Workers' Comp. Div.*, 2010 WY 66, ¶ 11, 232 P.3d 1, 4 (Wyo.2010); *Dale*, ¶ 22, 188 P.3d at 561.

## DISCUSSION

### A. Mental Injury/Physical Injury

[¶ 11] Mr. Wheeler claims that the overwhelming weight of the evidence presented at the contested case hearing established that his PTSD and MDD conditions were physical injuries and, thereby, compensable under the relevant statute. Section 27–14–102(a)(xi)(J) states in relevant part:

(a) As used in this act:

. . . .

(xi) "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. "Injury" does not include:

. . . .

(J) Any mental injury unless it is caused by a compensable physical injury, it occurs subsequent to or simultaneously with, the physical injury and it is established by clear and convincing evidence, which shall include a diagnosis by a licensed psychiatrist or licensed clinical psychologist meeting criteria established in the most recent edition of the diagnostic and statistical manual of mental disorders published by the American Psychiatric Association. In no event shall benefits for a compensable mental injury be paid for more than six (6) months after an injured employee's physical injury has healed to the point that it is not reasonably expected to substantially improve.

[¶ 12] It is important to understand that Mr. Wheeler is not claiming that his PTSD and MDD were caused by the smoke inhalation or burn injuries he suffered in the fire. Instead, he is arguing that PTSD and MDD are, themselves, physical injuries and therefore compensable under the Wyoming Work-

ers' Compensation Act. Mr. Wheeler bases his argument that PTSD and MDD are physical injuries on the testimony of Dr. Bruce Kahn, a board certified psychiatrist who diagnosed and treated Mr. Wheeler. A representative sample of Dr. Kahn's testimony follows:

> Q. In that diagnostic manual [Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM–IV)], are there guidelines or other information in that manual that either caution or explain or distinguish, however you want to say, between a mental disorder versus a condition of physical injury?
>
> A. Yes. The manual cautions against confusing the words "organic mental disorder" with all of the diagnosable psychiatric disorders. And in DSM–III, the predecessor to DSM–IV, there used to be a set of disorders known as organic mental disorders.
>
> There's a note in DSM—IV which eliminated that entire classification of disorders. There is no longer a proper diagnosis according to DSM—IV of organic mental disorders. There are cautionary notes to the effect that that classification of organic mental disorders was eliminated entirely in order to avoid confusing or giving the impression that other psychiatric disorders did not have an organic basis because we know nowadays scientifically that psychiatric disorders have their roots in organic disturbances, i.e., physical disturbances of the brain.
>
> You don't need to say "organic" because mental disorders are fundamentally in nature organic in origin. Organic meaning that they have a basis biologically in the neurophysiological and neuroanatomical substrate of the brain.
>
> Q. And, Doctor, could you explain in layman's terms what your opinion is with respect to the physical organic basis of a posttraumatic stress disorder condition?
>
> A. Very succinctly. The brain is traumatized physically by the experience of a traumatic event where one's life is threatened or one is witnessing another life-threatening or potentially life-threatening type of event.
>
> And in the experience of that the brain goes into a very heightened state of arousal biologically ...., the chemistry that subserves that arousal sets into motion a cascade of biological events as if dominoes are falling, and they affect a number of physical aspects of brain functioning....
>
> Structurally over time these events can even cause radiographically demonstrable changes.... And you can actually visualize radiographically changes that have occurred structurally in the brain as a result of posttraumatic stress disorder.
>
> Q. It's been brought to my attention, at least through the circumstances of this case, that various governmental agencies and perhaps state workers' compensation systems use—define posttraumatic stress as a mental disorder. Is that inconsistent?
>
> A. I think to define it as a mental disorder can be very misleading because many people, especially lay people, assume that if you classify something as a mental disorder, that that means it isn't physical in nature. And that's not the current level of scientific understanding of mental disorders.

Dr. Kahn also testified that Mr. Wheeler's depression "resulted from clear injury to [his] brain."

[¶ 13] Thus, Dr. Kahn testified that PTSD and MDD have biological or "organic" roots and to call them strictly mental disorders or injuries is scientifically incorrect. The other evidence on the nature of the disorders, including the report from the Division's expert Brigham & Associates, confirms that PTSD and MDD are accompanied by, or result from, physical changes in the brain.

■■■ [¶ 14] Nevertheless, we must apply the facts to the language of the statute. Statutory interpretation is a matter of law, with the goal being to determine and implement the legislature's intent.[2] *See, Diamond*

---

**2.** Mr. Wheeler makes a perplexing argument that the hearing examiner acted arbitrarily and capriciously when he "went outside the record" and based his decision on legislative intent. When applying a statute, the decision maker must always be focused on determining the legislature's

*B Services, Inc. v. Rohde*, 2005 WY 130, ¶ 15, 120 P.3d 1031, 1038–39 (Wyo.2005). In doing so, we start with the plain language of the statute. *Id.* Section 27–14–102(a)(xi)(J) generally defines injury as "any harmful change in the human organism," which, undoubtedly, PTSD and MDD are. However, the statute then specifically exempts a "mental injury unless it is caused by a compensable physical injury." The term "mental injury" is not defined in the Wyoming Workers' Compensation Act.

[¶ 15] In determining whether Mr. Wheeler's PTSD and MDD are compensable, we must discern what the legislature intended by "mental injury." Dr. Kahn indicated that distinguishing between mental and physical injuries is improper because "mental disorders are fundamentally ... organic in origin," with organic meaning that they are biologically based. However, if we interpret "mental injury" as being equivalent to "physical injury," subsection (J) would have no application. Clearly, the legislature meant to exempt a certain type of injury from compensability when it excluded mental injuries. *See, e.g., Greene v. State ex rel. Wyoming Board of Chiropractic Examiners*, 2009 WY 42, ¶ 15, 204 P.3d 285, 291 (Wyo.2009) (stating that we give effect to every word, clause and sentence when interpreting statutes).

[¶ 16] Although we have not previously addressed the specific issue presented here, we have considered relevant aspects of § 27–14–102(a)(xi)(J) in earlier cases.[3] Before the legislature amended the statute to its current form in 1994, work related mental injuries were compensable without an accompanying physical injury. In *Frantz v. Campbell County Mem. Hosp.*, 932 P.2d 750, 752–54 (Wyo.1997), we ruled that the revised statute did not violate equal protection by excluding

mental injuries from workers' compensation coverage. The rationale behind the exclusion includes the steadily growing number of claims for psychological disorders, the difficulty with verifying such claims because the claimant's description of his condition is often the sole basis for diagnosis and the difficulty with determining whether a causal relationship exists between the claimant's employment and the mental injury. *Id.*

[¶ 17] In *Sechrist v. State ex rel. Wyoming Workers' Safety & Comp. Div.*, 2001 WY 45, ¶ 11, 23 P.3d 1138, 1141 (Wyo.2001), we ruled that § 27–14–102(a)(xi)(J) is unambiguous and requires the employee to meet the specific proof requirements set out in the statute in order to establish compensability, including the requirement that the employee show by clear and convincing evidence that he "suffered a compensable mental injury caused by a compensable physical injury." *Id.*, ¶ 11, 23 P.3d at 1141. This Court again confirmed the compensable physical injury requirement in *Cook v. Shoshone First Bank*, 2006 WY 13, ¶ 15, 126 P.3d 886, 890–91 (Wyo. 2006), when we stated: "Under the plain language of the statute, claims are not covered where the mental injury ... [was] not caused by a compensable physical injury." In *Brierley v. State ex rel. Wyoming Workers' Safety & Comp. Div.*, 2002 WY 121, ¶ 1, 52 P.3d 564, 565 (Wyo.2002), we ruled that Mr. Brierley was entitled to benefits because he presented clear and convincing evidence that his attempted suicide was the result of a mental injury caused by a compensable physical injury. None of these cases indicated that the mental injury or disorder suffered by the claimant should be characterized as a physical injury.

intent. In making that determination, the hearing examiner or court may consider the statutory language and prior case law interpreting the statute. There is no legal basis for Mr. Wheeler's argument that such an exercise was arbitrary and capricious.

**3.** Both Mr. Wheeler and the Division discuss cases from other jurisdictions which considered the compensability of mental disorders under their respective workers' compensation statutory schemes. *See, e.g., Fairfax County Fire and Rescue Dep't v. Mottram*, 263 Va. 365, 559 S.E.2d

698 (2002), in which the claimant's repeated exposure to traumatic events at work caused his PTSD, and the court ruled that his condition was compensable as an occupational disease under Virginia's statutes, and *Zach v. Nebraska State Patrol*, 273 Neb. 1, 727 N.W.2d 206 (2007), which held that a patrolman's suicide as a result of a work related incident was not compensable under Nebraska law. Because of the vagaries in the statutory language, those cases are not particularly helpful to our decision.

[¶ 18]   Based upon the statutory language which clearly differentiates between mental and physical injuries, the fact that the legislature made a specific change in 1994 to exclude mental injuries that were not caused by compensable physical injuries and our case law interpreting the statute, we conclude that the requisite "physical injury" must be something outside of the biological changes in the brain associated with mental disorders.   While we respect that Dr. Kahn disagrees with the legislature's policy choice to disallow mental injuries, we cannot overlook the clear language of the statute.

[¶ 19]   Returning to the circumstances at issue here, Mr. Wheeler was diagnosed as having PTSD and MDD by reference to the Diagnostic and Statistical Manual of Mental Disorders.   By definition, then, Mr. Wheeler's ailments are "mental" in nature.   Moreover, the Brigham & Associates report stated that PTSD and MDD are commonly known as mental injuries and are not typically classified as physical injuries, although there are physical changes associated with the conditions.   With regard to PTSD, the report explained:

> Posttraumatic stress disorder is not a physical injury because there are several biopsychosocial risk factors that influence whether a person will develop PTSD following an experience with a traumatic event.   Posttraumatic stress disorder is considered a mental, psychiatric or psychological disorder ("mental injury" using the language of the Wyoming Workers' Compensation law) by all United States Government agencies engaged in or supporting the biomedical and behavioral research of mental illnesses and psychological disorders.   These governmental agencies include the Department of Health and Human Services, the National Institute of Mental Health and the Center for Disease Control.   Further, the American Medical Association, the American Psychiatric Association, the American Psychological Association, and the National Center of PTSD recognize PTSD as a psychological or mental disorder.

Brigham & Associates' report included a similar discussion regarding MDD.

[¶ 20]   The record contains substantial evidence to support the hearing examiner's conclusion that Mr. Wheeler's PTSD and MDD were mental injuries rather than physical injuries under § 27–14–102(a)(xi)(J).   Given Mr. Wheeler does not contend that his PTSD and MDD were caused by his compensable physical injuries (the burns or smoke inhalation), the hearing examiner properly concluded that Mr. Wheeler's mental injuries were not compensable under Wyoming law.

### B.   Compensable Physical Injury to Another

[¶ 21]   Mr. Wheeler asserts that the OAH decision was arbitrary and capricious because it did not consider the injuries to the two deceased firefighters as the "physical injuries" to establish the compensability of his mental injuries.   In support of his interpretation of the statute, he directs us to an Ohio case which allowed, under statutory language similar to Wyoming's, a claim for a mental disorder caused by a physical injury to a co-worker.   *Bailey v. Republic Engineered Steels, Inc.,* 91 Ohio St.3d 38, 741 N.E.2d 121, 122–24 (2001).   In their respective briefs, Mr. Wheeler and the Division argue over whether the circumstances presented here are sufficiently comparable to those in *Bailey* and the effect of the Ohio legislature's subsequent amendment to the statute to disallow such claims.

[¶ 22]   We decline to determine whether Wyoming's statute allows compensation for mental injuries caused by a compensable physical injury to another person because, even if it does, Mr. Wheeler has already received all the benefits to which he would be entitled.   The relevant portion of § 27–14–102(a)(xi)(J) states: "In no event shall benefits for a compensable mental injury be paid for more than six (6) months after an injured employee's physical injury has healed to the point that it is not reasonably expected to substantially improve."   The firefighters died at the time of the explosion on April 18, 2005.   The Division paid for Mr. Wheeler's treatment for his mental injuries for more than six months after the firefighters' deaths.   Thus, he received the maximum amount of benefits allowed under the statute.   Any de-

cision by us about whether the statute allows benefits for mental injuries caused by physical injuries to another would have no effect. Consequently, we decline to further address this contention. *See generally, William F. West Ranch, LLC v. Tyrrell*, 2009 WY 62, ¶¶ 11–12, 27, 206 P.3d 722, 727, 731–32 (Wyo. 2009).

### C. *Constitutionality of the Statute*

▇▇▇▇ [¶ 23] Mr. Wheeler also challenges the constitutionality of § 27–14–102(a)(xi)(J) on a number of bases. Our case law, however, prohibits consideration of the constitutionality of a statute in an administrative appeal. "[T]he correct course is an independent action for declaratory judgment." *Torres v. State ex rel. Wyoming Workers' Safety & Comp. Div.*, 2004 WY 92, ¶ 6, 95 P.3d 794, 795 (Wyo.2004).

[¶ 24] Mr. Wheeler asks us to overrule the declaratory judgment requirement. In *Riedel v. Anderson (In re Conflicting Lease Applications)*, 972 P.2d 586, 586–88 (Wyo. 1999) (per curiam) and *Torres*, ¶ 8, 95 P.3d at 796, we explained that § 16–3–114 and W.R.A.P. 12.12 work together to delineate the proper courses of action for judicial review of agency decisions and challenges to the constitutionality of agency statutes. Mr. Wheeler has not convinced us that those decisions were incorrect or provided us with a sufficient legal basis to disregard the concept of *stare decisis*. *See generally, Alpine Lumber Co. v. Capital West Nat'l Bank*, 2010 WY 62, ¶¶ 10–12, 231 P.3d 869, 872–73 (Wyo. 2010). We, therefore, decline to consider this issue.

[¶ 25] Affirmed.