2005 WY 120

**In the Matter of the Worker's Compensation Claim of Ronald A. BUSH, Appellant (Employee/Petitioner),**

v.

**STATE of Wyoming, ex. rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector/Respondent).**

No. 04–191.

Supreme Court of Wyoming.

Sept. 19, 2005.

David M. Gosar, Jackson, Wyoming, for appellant.

Patrick J. Crank, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; Kristi M. Radosevich, Assistant Attorney General, for appellee.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   Ronald Bush alleges he injured his ankle out of and in the course of his employment. The Workers' Compensation Division (the Division) denied Mr. Bush's claim for benefits. After a contested case hearing, the denial of the claim was upheld on the grounds that Mr. Bush did not meet his burden of proving the injury arose out of and in the course of employment. Mr. Bush appealed to the district court, which affirmed the hearing officer's decision. Mr. Bush now appeals to this Court. This Court finds that the order denying benefits to Mr. Bush is facially insufficient to permit review. We therefore reverse the district court and remand with directions to vacate the order denying benefits.

## ISSUE

[¶ 2]   Mr. Bush requests this Court determine whether the decision by the Workers' Compensation Division denying benefits is supported by substantial evidence.

## FACTS

[¶ 3]   Mr. Bush injured his ankle. According to Mr. Bush, he injured his ankle while at work on July 3, 2002. July 3 was the start of a long holiday weekend, and Mr. Bush left work early that day as prearranged with his boss. The next day, July 4, Mr. Bush went to the emergency room of the local hospital. The emergency room notes reveal that X-rays were negative. Mr. Bush

informed his employer of his ankle injury on the next work day, July 8. Mr. Bush consulted with an orthopedic surgeon on Monday, July 15. The doctor informed Mr. Bush that Mr. Bush had torn ligaments and a widening of the ankle mortis. Mr. Bush filed an injury report on July 18. When Mr. Bush filed a claim for benefits, the Division objected to the claim, stating that it did not believe the injury occurred at work.[1]

## DISCUSSION

### *Standard of Review*

[¶ 4]   This Court does not afford any special deference to the district court's decision when it reviews a matter initiated before an administrative agency. Rather, this Court reviews the case as if it came directly from the administrative agency. *Hicks v. State ex rel. Wyoming Workers' Safety and Comp. Div.*, 2005 WY 11, ¶ 16, 105 P.3d 462, 469 (2005). The scope of our review, therefore, is defined by Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2005), which provides as follows:

> (c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
>
> (i) Compel agency action unlawfully withheld or unreasonably delayed; and
>
> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

---

1.   The Division also claimed that Mr. Bush failed to timely report his injury to his employer and failed to timely file an injury report with his employer and the Division in violation of Wyo. Stat. Ann. § 27–14–502(a). Although the hearing officer addressed the statute, he did not base his decision denying benefits upon the provisions of § 27–14–502 and its potential consequences. Therefore, the timeliness of Mr. Bush's reporting is not at issue.

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

[¶ 5] Since both parties presented evidence at an administrative hearing, we review the entire record to determine if the agency findings are supported by substantial evidence. *See Newman v. State ex. rel. Workers' Safety and Comp. Div.,* 2002 WY 91, ¶¶ 8–26, 49 P.3d 163, 166–73 (2002). The review of this Court for substantial evidence entails reviewing

the record as a whole to determine whether the agency's findings of fact are supported by substantial evidence. *Holding's Little America v. Board of County Commissioners of Laramie County,* 670 P.2d 699 (Wyo.1983), *appeal after remand* 712 P.2d 331 (1985); *Toavs v. State By & Through Real Estate Commission,* 635 P.2d 1172 (Wyo.1981). Substantial evidence in this context means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State ex rel. Workers' Compensation v. Ohnstad,* 802 P.2d 865 (Wyo.1991[1990]); *Shenefield v. Sheridan County School District No. 1,* 544 P.2d 870, 874 (Wyo.1976), quoting from *Howard v. Lindmier,* 67 Wyo. 78, 214 P.2d 737, 740 (1950). Findings of fact are supported by substantial evidence if, from the evidence preserved in the record, we can discern a rational premise for those findings. *ANR Production Co. v. Wyoming Oil & Gas,* 800 P.2d 492 (Wyo.1990); *Employment Security Commission of Wyoming v. Western Gas Processors, Ltd.,* 786 P.2d 866 (Wyo.1990).

*Mekss v. Wyoming Girls' School, State of Wyo.,* 813 P.2d 185, 200 (Wyo.1991).

### Denial of Benefits

[¶ 6] The hearing officer denied Mr. Bush's claim for benefits based upon his determination that Mr. Bush had not adequately proven that his ankle injury arose out of and in the course of employment. In his order denying benefits, the hearing officer concluded that Mr. Bush "has not met his burden of proof; specifically [Mr. Bush] has not shown that this medical condition is work-related .... [Mr. Bush] engaged in activity that could have resulted in the injury he claims. I do not find his testimony to be credible and do not find his explanation of the sequence of events to be consistent or believable."

[¶ 7] The hearing officer presented the following pertinent findings of basic fact in support of his conclusion:

2. Employee/Claimant left work early on July 3, 2002, because it was a holiday and he had arranged to do so.

3. Employee/Claimant told the Employer on July 8, 2002, that he had hurt his ankle on July 3, 2002, while on duty as a truck driver.

4. Employee/Claimant saw Dr. Jarrard in the Emergency Room on July 4, 2002, for an injury to his ankle. Ex-rays [sic] taken at that time did not show a fracture or dislocation.

5. Employee/Claimant saw Dr. Michael Ford [an orthopedic surgeon] on July 15, 2002.

6. Dr. Ford diagnosed a widening of the ankle mortis and torn ligaments.

7. Employee/Claimant filed a report of injury on July 18, 2002.

8. Employee/Claimant participated in several activities during the July 4, 2002, weekend and the following week including driving in a Demolition Derby on July 13, 2002, and a concert on July 3, 2002, where he assisted one of the bands.

[¶ 8] We need not decide whether these facts are supported by substantial evidence because these basic facts do not support the hearing officer's conclusion. Most obviously, the hearing officer makes no findings of fact regarding any evidence presented by Mr. Bush, and therefore there is nothing for the hearing officer to disbelieve. Even more fatal is the lack of any findings of fact on key material issues. For instance,

the question of whether an employee's injury arose out of and in the course of employment is a question of fact. *Goddard v. Colonel Bozeman's Restaurant*, 914 P.2d 1233, 1236 (Wyo.1996). The finder of fact must determine the time and cause of a compensable injury. *Torres v. State ex rel. Wyoming Workers' Safety and Comp. Div.*, 2005 WY 7, ¶ 17, 105 P.3d 101, 110 (2005) (citing *Iverson v. Frost Construction*, 2003 WY 162, ¶ 16, 81 P.3d 190, 195 (2003)). The order in question is devoid of any factual finding as to either the time or cause of injury.[2]

[¶ 9] A hearing officer is required to support his conclusions with adequate findings of fact. Wyo. Stat. Ann. § 16–3–110 (LexisNexis 2005). A hearing officer has "the duty to make findings of basic facts upon all of the material issues in the proceeding and upon which its ultimate findings of fact or conclusions are based. Unless that is done there is no rational basis for judicial review." *Pan Am. Petroleum Corp. v. Wyoming Oil and Gas Conservation Comm'n*, 446 P.2d 550, 555 (Wyo.1968). In order for this Court to have a rational basis upon which to conduct a review:

> All of the material evidence offered by the parties must be carefully weighed by the agency as the trier of the facts; conflicts in the evidence must be resolved, and the underlying or basic facts which prompt the ultimate conclusion on issues of fact drawn by the agency in sustaining the prima facie case made, or in rejecting it for the reason it has been satisfactorily met or rebutted by countervailing evidence, must be sufficiently set forth in the decision rendered.

*Id.* at 557.

[¶ 10] In the instant case, the order contains no indication that the hearing officer carefully considered and weighed all material evidence offered by the parties. Besides the documentary evidence introduced by both parties, Mr. Bush's case consisted of five live witnesses and the proffered (and accepted) written testimony of two other witnesses. The Division presented the testimony of two live witnesses. As far as the order reflects, none of the evidence thus generated received any consideration.

[¶ 11] Both parties in their respective briefs to this Court reference various facts beyond those found by the hearing officer that allegedly can be discerned from the record. Such an approach is inappropriate.

> [A]ppellate briefing is not the place to articulate sufficient findings of fact. It is not the duty of this court to analyze and assess evidence presented to an administrative body to determine the weight to be given evidence or the credibility to be afforded witnesses.

*Billings v. Wyoming Bd. of Outfitters and Guides*, 2001 WY 81, ¶ 19, 30 P.3d 557, 567 (2001). The district court also improperly referred to extraneous facts in its decision affirming the order. A reviewing court has authority only to review an agency decision, not to make the decision for it. To follow the approach taken by both the parties and the district court, this Court would have to imply findings of basic facts from ultimate findings and then search the record for support of these implied basic facts. This we will not do. *Pan Am. Petroleum Corp.*, 446 P.2d at 555. *See also Scott v. McTiernan*, 974 P.2d 966, 973 (Wyo.1999) (case remanded because, although sufficient factual basis for the agency determination may exist in the record, "that factual basis was not included in the formal findings of fact.") The agency, as the finder of fact, is obligated to make explicit findings of basic facts supporting its ultimate determination.

[¶ 12] In the instant case, rational review by this Court is precluded by the hearing officer's complete lack of factual findings on issues material to Mr. Bush's claim for compensation. This Court cannot uphold an agency action based solely upon

2. The only finding by the hearing officer that even mentions where and when the injury occurred is the finding that "Employee/Claimant told the Employer on July 8, 2002, that he had hurt his ankle on July 3, 2002, while on duty as a truck driver." What Mr. Bush reported to his employer, however, is irrelevant to findings of basic fact regarding whether the injury occurred out of and in the course of employment. The comment that Mr. Bush engaged in other activities that could have caused the injury is nothing more than pure speculation.

unsupported conclusions. *Veile v. Bryant,* 2004 WY 107, ¶ 22, 97 P.3d 787, 798 (2004). Since the instant order contains no findings that adequately explain the rationale for the agency's decision, the agency decision must be vacated. *Davis v. City of Cheyenne,* 2004 WY 43, ¶ 10, 88 P.3d 481, 486 (2004). The ultimate decision returns to the hands of the hearing officer.

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.

*Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643 (1985). The matter is hereby remanded to the hearing officer for findings of supplemental facts and the entry of a new, more complete order either affirming or denying benefits. *Scott,* 974 P.2d at 973.

### CONCLUSION

[¶ 13] The hearing officer utterly failed in his duty to present this Court with an order containing sufficient information by which it can determine how the hearing officer came to his ultimate decision. His ultimate conclusions are unsupported by any fact as found by the hearing officer, leaving this Court with no rational basis upon which to review the order. Such a peremptory order cannot be allowed to stand. We hereby reverse the order of the district court and remand this case to the district court with directions to vacate the order denying benefits. Further, the district court is to remand the case for supplemental findings of fact or other proceedings consistent with this opinion.