2006 WY 70

**Jake BRADSHAW, Appellant (Petitioner),**

v.

**WYOMING DEPARTMENT OF TRANSPORTATION DRIVERS' LICENSE DIVISION, Appellee (Respondent).**

**No. 05–156.**

*Supreme Court of Wyoming.*

June 5, 2006.

Representing Appellant: Mike Cornia, Evanston, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; Michael L. Hubbard, Deputy Attorney General; Mary Loos, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

KITE, Justice.

[¶ 1] Jake Bradshaw was arrested for operating a motor vehicle while under the influence of alcohol and refused to submit to a breath test. The Wyoming Department of Transportation (WYDOT) notified him his driver's license would be suspended. Mr. Bradshaw requested a contested case hearing before the Office of Administrative Hearings (OAH). Based upon the evidence presented, the hearing officer upheld the suspension recommendation. Mr. Bradshaw appealed to the district court, which affirmed the OAH decision. He now appeals to this Court, claiming the OAH decision was arbitrary and capricious. We affirm.

## ISSUES

[¶ 2] Mr. Bradshaw presents the following issue for our review:

Was the decision of the hearing officer arbitrary and capricious?

The State re-phrases the issue as follows:

Whether the decision of the hearing officer was supported by substantial evidence and whether it was arbitrary and capricious?

## FACTS

[¶ 3] At approximately 9:15 p.m. on February 12, 2004, Deputy Dwight McGuire of the Uinta County Sheriff's Department was driving north on Highway 413 near Lyman, Wyoming when he observed a pickup truck in a snow bank approximately forty-five feet off the northwest side of the highway. Deputy McGuire turned his vehicle around and headed back to check the pickup which appeared to have run off the road. As he stopped his vehicle, the driver of the pickup got out and walked toward him. Deputy McGuire recognized him as Jake Bradshaw.

[¶ 4] As Mr. Bradshaw approached, Deputy McGuire noticed he walked with a staggering gait. Deputy McGuire asked Mr. Bradshaw if he needed medical attention. Mr. Bradshaw indicated he was alright. Deputy McGuire noticed a strong odor of alcohol on Mr. Bradshaw's breath and that his speech was slurred. He asked Mr. Bradshaw if he had been drinking. Mr. Bradshaw responded he had "had a few." Deputy McGuire asked how many was a few and Mr. Bradshaw said he drank four to five shots of whiskey and some beer. Deputy McGuire asked if he had alcohol in his pickup truck and Mr. Bradshaw said he had a case and a half of beer in his truck, but had been drinking at a bar in Lyman. He said he did not remember what time he started drinking, but had his last drink around 9:00 p.m.

[¶ 5] Deputy McGuire contacted dispatch and requested assistance. He then asked Mr. Bradshaw if he would submit to field sobriety tests. Mr. Bradshaw agreed and Deputy McGuire administered a series of tests, including the horizontal gaze nystagmus, walk and turn, one leg stand, alphabet recitation and counting. Deputy McGuire's report indicated Mr. Bradshaw was able to recite the alphabet as requested, but was unable to successfully complete the other tests.

[¶ 6] Wyoming Highway Patrol Trooper Hutchinson arrived on the scene as Deputy McGuire was conducting the field sobriety tests. Trooper Hutchinson re-administered the field tests and obtained the same results. Deputy McGuire advised Mr. Bradshaw concerning Wyoming's implied consent law [1] and

---

1. Wyo. Stat. Ann. § 31–6–102 (LexisNexis 2005) provides in relevant part as follows:

    (a) If arrested for an offense as defined by W.S. 31–5–233 [driving or having control of

a vehicle while under the influence of intoxicating liquor]:

    (i) Any person who drives or is in actual physical control of a motor vehicle upon a

Mr. Bradshaw stated he would take the breath test. Upon arriving at the Lyman police station, however, Mr. Bradshaw refused the breath test. As a result of Mr. Bradshaw's refusal, Deputy McGuire confiscated his driver's license and issued a notice of suspension and temporary driver's license, set to expire within thirty days unless Mr. Bradshaw pleaded guilty to operating a motor vehicle under the influence of alcohol or requested a contested case hearing.

[¶ 7] On February 17, 2004, WYDOT notified Mr. Bradshaw it was recommending suspension of his driver's license for eighteen months [2] in accordance with Wyo. Stat. Ann. § 31-6-102 (LexisNexis 2005) because of his refusal to submit to a breath test. Mr. Bradshaw requested a contested case hearing pursuant to Wyo. Stat. Ann. § 16-3-101(b)(ii) (LexisNexis 2005). As a result of his request, the suspension of his license was stayed pending the outcome of the hearing.

[¶ 8] The OAH scheduled a contested case hearing for April 16, 2004. Mr. Bradshaw appeared at the hearing with his attorney and presented evidence, including a video tape of law enforcement booking him into the Uinta County Detention Center, intended to show he was not intoxicated. WYDOT did not appear at the hearing but submitted its certified record containing documentation relating to Mr. Bradshaw, including Deputy McGuire's signed statement and report. Several weeks after the hearing, Mr. Bradshaw submitted additional evidence in the form of an audio tape of Deputy McGuire's testimony in the related criminal case against Mr. Bradshaw. He claimed the audio tape showed the deputy was not qualified to administer or score the field sobriety tests and the test results should not be considered by the hearing officer. Upon consideration of all of the evidence, the hearing officer issued

an order in which he concluded the preponderance of the evidence established the elements necessary to uphold an implied consent suspension.

[¶ 9] Mr. Bradshaw sought review of the administrative hearing officer's order in district court. He claimed the order was arbitrary and capricious because it made no determination and set forth no findings of fact concerning probable cause and did not mention the audio and video tapes he submitted as evidence. Concluding the administrative hearing officer's order was not arbitrary and capricious and his findings and conclusions adequately incorporated the element of probable cause, the district court affirmed.

## STANDARD OF REVIEW

[¶ 10] This Court affords no special deference to district court decisions when it reviews matters initiated before an administrative agency; rather, we review the case as if it came directly from the administrative agency. *Bush v. State ex rel. Wyo. Workers' Comp. Div.,* 2005 WY 120, ¶ 4, 120 P.3d 176, 178 (Wyo.2005). The scope of our review is defined by Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2005), which provides as follows:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

---

public street or highway in this state is deemed to have given consent, subject to the provisions of this act, to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcohol concentration or controlled substance content of his blood....

\* \* \*

(ii) For tests required under this act, the arrested person shall be advised that:

(A) His failure to submit to all required chemical tests requested by the peace officer

shall result in the suspension of his Wyoming driver's license or his privilege to operate a motor vehicle for a period of six (6) months for a first offense or eighteen (18) months for a second or subsequent offense....

2. Mr. Bradshaw's arrest on February 12, 2004, was his second offense for driving while under the influence of alcohol.

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

[¶ 11] Where both parties present evidence at an administrative hearing, we review the entire record to determine if the agency findings are supported by substantial evidence. *Bush*, ¶ 5, 120 P.3d at 179. Substantial evidence in this context is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Findings of fact are supported by substantial evidence if, from the evidence preserved in the record, we can conclude a reasonable mind might accept the evidence as adequate to support the agency findings. *Id.*

## DISCUSSION

[¶ 12] Mr. Bradshaw contends the administrative hearing officer was required by Wyo. Stat. Ann. § 31–6–103 (LexisNexis 2005) to determine whether Deputy McGuire had probable cause to believe he had been driving under the influence of alcohol. Because the hearing officer's order contains no findings or conclusions concerning probable cause, and does not even mention the audio and video tapes he submitted as evidence, Mr. Bradshaw contends it does not comply with Wyo. Stat. Ann. § 16–3–110 (LexisNexis 2005), which requires a concise and explicit statement of the underlying facts supporting the findings of fact. Without a concise and explicit statement of the underlying facts supporting a probable cause finding, he argues, this court cannot follow the agency's

reasoning from its factual findings to its legal conclusions and the order must be set aside.

[¶ 13] In the event this Court concludes the findings are sufficient to support the order, Mr. Bradshaw argues the decision still must be reversed because Deputy McGuire did not have probable cause to make an arrest. He claims the evidence presented showed only that he drove off the snow-covered highway at night and became stuck while talking on his cell phone; he walked with a staggered gait through ankle deep snow as he approached Deputy McGuire; his eyes were watering on a cold windy night; and he smelled of and admitted he had consumed alcohol. Although Deputy McGuire testified he administered field sobriety tests, Mr. Bradshaw contends evidence of the tests was not admissible because Deputy McGuire's testimony in the related criminal case showed he was not qualified to administer and score the tests. Mr. Bradshaw argues these facts, together with the complete lack of evidence that Deputy McGuire observed him driving erratically, his eyes were red or blood-shot, he had any difficulty responding to the deputy, or he slurred his words or staggered during the booking procedure compel reversal of the district court's order affirming the hearing officer's order.

[¶ 14] We begin our discussion by addressing Mr. Bradshaw's claim that the hearing officer's order contains neither a finding of probable cause nor a sufficiently clear and explicit statement of the underlying facts to support a probable cause finding. Section 16–3–110 sets forth an agency's duty to support its action with sufficient factual findings:

A final decision or order adverse to a party in a contested case shall be in writing or dictated into the record. The final decision shall include findings of fact and conclusions of law separately stated. Findings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.

Addressing this provision, we have said:

A hearing officer is required to support his conclusions with adequate findings of fact. A hearing officer has "the duty to make findings of basic facts upon all of the

material issues in the proceeding and upon which its ultimate findings of fact or conclusions are based. Unless that is done there is no rational basis for judicial review." *Pan Am. Petroleum Corp. v. Wyoming Oil and Gas Conservation Comm'n,* 446 P.2d 550, 555 (Wyo.1968). In order for this Court to have a rational basis upon which to conduct a review:

> All of the material evidence offered by the parties must be carefully weighed by the agency as the trier of the facts; conflicts in the evidence must be resolved, and the underlying or basic facts which prompt the ultimate conclusion on issues of fact drawn by the agency in sustaining the prima facie case made, or in rejecting it for the reason it has been satisfactorily met or rebutted by countervailing evidence, must be sufficiently set forth in the decision rendered. *Id.* at 557.

*Bush,* ¶ 9, 120 P.3d at 180 (some citations omitted).

█ [¶ 15] The order in Mr. Bradshaw's case contained the following findings of fact pertinent to the issue of probable cause: Deputy McGuire observed Mr. Bradshaw's pickup truck stuck in a snow bank forty-five feet off the side of the highway; Deputy McGuire observed that Mr. Bradshaw walked with a staggering gait, slurred his words when he spoke and smelled of alcohol; Mr. Bradshaw admitted he had consumed four or five shots of whiskey and some beer; Mr. Bradshaw agreed to submit to field sobriety tests which were conducted first by Deputy McGuire and again by Trooper Hutchinson with the same results; after being advised of the implied consent law, Mr. Bradshaw refused to submit to a breath test. In addition to these findings of fact, the order contained the following conclusion relevant to the issue of probable cause:

> For the reasons set forth, the Office concludes that [WYDOT] has established, by a preponderance of the evidence, all elements necessary to uphold an implied consent suspension pursuant to W.S. 31–6–102(d) and 31–6–107.

[¶ 16] The statutory provisions referenced by the hearing officer provide as follows:

> **§ 31–6–102. Test to determine alcoholic or controlled substance content of blood; suspension of license.**
>
> * * *
>
> (d) If a person under arrest refuses upon the request of a peace officer to submit to a chemical test designated by the agency employing the peace officer ..., none shall be given except in cases where serious bodily injury or death has resulted. The peace officer shall submit his signed statement to the department. The statement submitted by the officer shall contain:
>
> (i) His probable cause to believe the arrested person was driving or in actual physical control of a motor vehicle:
>
> (A) On a public street or highway in this state;
>
> (B) In violation of W.S. 31–5–233(b) or any other law prohibiting driving under the influence as defined by W.S. 31–5–233(a)(v); and
>
> (ii) That the person refused to submit to the test upon the request of the peace officer.
>
> **§ 31–6–107. Penalty for refusal to submit to chemical testing.**
>
> (a) Upon receipt of the statement provided for under W.S. 31–6–102(d), the department, *subject to review as provided in this act,* shall suspend the person's Wyoming driver's license or his privilege to operate a motor vehicle in this state as follows: * * *

(emphasis added). The review referenced in the above provision is described in Wyo. Stat. Ann. § 31–6–103 of the act in relevant part as follows:

> (b) The scope of a hearing for the purposes of this act shall cover the issues of whether a peace officer had probable cause to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon a public street or highway in this state ..., whether the person was placed under arrest, whether he refused to submit to a test upon request

of the peace officer ... and whether ... he had been advised that his Wyoming driver's license or privilege to operate a motor vehicle shall be suspended for the period provided by W.S. 31–6–107 if he refused to submit to a test....

[¶ 17] In accordance with these provisions, upon Mr. Bradshaw's refusal to submit to a breath test, Deputy McGuire submitted a signed statement containing his probable cause to believe Mr. Bradshaw was driving or in actual physical control of a motor vehicle on Highway 413 while under the influence of alcohol. The statement included the fact that Mr. Bradshaw's pickup truck appeared to have run off the road and was stuck in a snow drift, he walked with a staggered gait, his speech was slurred, his breath smelled of alcohol and he admitted to having consumed several shots of whiskey and some beer, the last of which he said he consumed only fifteen minutes before Deputy McGuire came upon his stuck vehicle. The statement of probable cause also included the fact that Mr. Bradshaw was able to successfully perform only one of five field sobriety tests conducted first by Deputy McGuire and then again by Trooper Hutchinson. Finally, the statement of probable cause included the fact that Mr. Bradshaw refused to submit to chemical testing.

[¶ 18] We have said a license revocation proceeding is civil in nature and probable cause must be proven in such a proceeding by a preponderance of the evidence. *State Dep't of Revenue & Taxation v. Hull,* 751 P.2d 351 (Wyo.1988). A license suspension proceeding is likewise civil in nature and the same preponderance of the evidence standard applies. Probable cause for a warrantless arrest exists when, under the totality of the circumstances, a prudent, reasonable, and cautious peace officer would be led to believe that a crime has been or is being committed and the individual arrested is the perpetrator. *Smith v. State ex rel. Wyo. Dep't of Transp.,* 11 P.3d 931, 937 (Wyo.2000).

[¶ 19] Although the order does not contain the words "probable cause," it does set forth findings of fact sufficient to establish that probable cause existed. From those facts, the hearing officer concluded the preponderance of the evidence demonstrated "all elements necessary" to uphold an implied consent suspension. As reflected in the statutes quoted above, one of the elements necessary to uphold the implied consent suspension was that Deputy McGuire had probable cause to believe Mr. Bradshaw had been driving his vehicle under the influence of alcohol. While it may be preferable for hearing officers to make a specific finding concerning the element of probable cause, we hold the hearing officer's findings and conclusions in this case were sufficient to allow review. It is clear that one of the elements necessary to uphold an implied consent suspension is probable cause and the order sets forth sufficient factual findings to demonstrate probable cause. His conclusion that the preponderance of the evidence demonstrated "all elements necessary" to uphold the suspension incorporated the probable cause element.

[¶ 20] Mr. Bradshaw argues next that the decision must be reversed because Deputy McGuire did not have probable cause to believe he was operating a motor vehicle while under the influence of alcohol. He contends evidence of the field sobriety tests was not admissible and the remaining evidence was insufficient to establish probable cause. We begin with Mr. Bradshaw's claim that evidence of the field sobriety tests was not admissible.

[¶ 21] Citing *Smith,* 11 P.3d at 935, and *Griffin v. State,* 2002 WY 82, ¶ 12, 47 P.3d 194, 197 (Wyo.2002), Mr. Bradshaw asserts evidence concerning field sobriety tests is admissible only if the evidence establishes the tests were properly administered by a qualified person. Contending Deputy McGuire was not qualified to administer the tests, Mr. Bradshaw points to the audio tape of the deputy's testimony during the motion hearing in the related criminal case in which he said he did not assign points to Mr. Bradshaw's performance on the horizontal gaze nystagmus, walk and turn, and one leg stand tests and did not know how many points were required to fail the tests. Other than Mr. Bradshaw's unsupported assertion

that points are supposed to be assigned and some number of points determines a pass or fail, there is nothing in the record establishing the existence of or criteria for such a point system. Even with such evidence, Mr. Bradshaw's claim would fail. In *Smith*, 11 P.3d at 936, faced with similar claimed deficiencies in the manner in which field sobriety tests were administered, we held such deficiencies go to the weight of the evidence and not its admissibility.

[¶ 22] Moreover, in *Smith* and *Griffin* we held evidence similar to that presented in Mr. Bradshaw's case was sufficient to establish the officers were qualified to administer the tests. In *Griffin*, the officer testified he had three years of law enforcement experience; received additional certification; received training for the tests based on the NHSTA from the Wyoming Law Enforcement Academy; and received additional instruction from the Rawlins Police Department. The officer's qualifications in *Smith*, 11 P.3d at 936, were similar. In both cases, the officers explained how the tests were supposed to be administered, how they were actually administered and how they determined the results. We held this testimony was sufficient to establish the officers were qualified to administer the field sobriety tests and evidence concerning the tests was properly admitted.

[¶ 23] In the present case, evidence was presented that Deputy McGuire had nearly five years experience in law enforcement, went through two days of training in the administration of field sobriety tests at the Wyoming Law Enforcement Academy two and one-half years before the incident with Mr. Bradshaw, received additional training approximately one and one-half years before and participated in additional instruction with fellow Uinta County deputies. Evidence was also presented concerning how Deputy McGuire administered the field sobriety tests and determined the results. Applying *Smith* and *Griffin*, this evidence was sufficient to show Deputy McGuire was qualified to administer the field tests.

[¶ 24] We turn to Mr. Bradshaw's claim the evidence was insufficient to establish probable cause. The party challenging

the sufficiency of the evidence has the burden of demonstrating the agency's decision was not supported by substantial evidence. *Smith*, 11 P.3d at 937.

> Probable cause for a warrantless arrest exists when, under the totality of the circumstances, a prudent, reasonable, and cautious peace officer would be led to believe that a crime has been or is being committed and that the individual arrested is the perpetrator. As its name implies, probable cause involves probabilities. These are factual, practical considerations of everyday life on which reasonable, prudent people, not legal technicians, act.

*Id.*

[¶ 25] Deputy McGuire's determination that he had probable cause to believe Mr. Bradshaw was operating a motor vehicle while intoxicated was based on his observation that the pickup appeared to have run off the road, Mr. Bradshaw's speech was slurred and he walked with a staggering gait, he smelled of alcohol, and he admitted he drank a considerable quantity of alcohol, the last of which he consumed just minutes before running his truck off the road. In addition to these facts, Deputy McGuire administered field sobriety tests to Mr. Bradshaw with the following results:

> Horizontal Gaze Nystagmus: Both eyes could not smoothly pursue the stimulus, had distinct nystagmus at maximum deviation and prior to the 45 degree angle of onset.

> Walk and Turn: Bradshaw stated he did not have any problems that would affect his balance.

> Bradshaw was asked to place his left foot in front of his right foot and stand with his arms at his sides while receiving the instructions. Bradshaw was swaying while Deputy McGuire was demonstrating this maneuver. Bradshaw was then instructed to begin. Bradshaw failed to touch heel to toe on second step going out, and on steps 2 and 6 while returning to start point.

> One Leg Stand: Bradshaw was unable to keep his arms at his side, and unable to complete this test, by putting his foot down

on the count of 18 and stating, "I can't do this."

Deputy McGuire then asked Bradshaw what grade level he completed in order to do the next two tests which Deputy McGuire was to have Bradshaw perform. Bradshaw stated he completed the 12th grade. Deputy McGuire asked Bradshaw if could recite the English alphabet, Bradshaw said he could.

Deputy McGuire asked Bradshaw to say the alphabet starting with the letter D and stop at the letter M which Bradshaw did successfully.

Deputy McGuire then asked Bradshaw to count backward from 69 to 52. Bradshaw counted 60 twice, and stopped at 54.

We conclude substantial evidence supported the hearing officer's conclusion that the preponderance of the evidence established all elements necessary to uphold an implied consent suspension, including the element of probable cause.

[¶ 26]   Affirmed.