2009 WY 137

Daniel C. FABER, Appellant (Petitioner),

v.

The STATE of Wyoming, DEPARTMENT OF TRANSPORTATION, Appellee (Respondent).

No. S–09–0099.

Supreme Court of Wyoming.

Nov. 10, 2009.

Representing Appellant: Elizabeth Greenwood and Inga L. Parsons of Pinedale, Wyoming.

Representing Appellee: Bruce A. Salzburg, Attorney General; Robin Sessions Cooley, Deputy Attorney General; Douglas J. Moench, Senior Assistant Attorney General; Michael T. Kahler, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] This is an appeal from the district court's Order Affirming Agency Order Upholding Implied Consent Suspension and Associated Agency Order Upholding Commercial Disqualification, filed April 13, 2009. Finding no error of law below, and finding sufficient evidence that the petitioner intentionally failed or refused to perform the offered breath test after an arrest for driving under the influence of intoxicating liquor (DWUI), we affirm the order of the district court affirming the orders of the Office of Administrative Hearings (OAH).

## ISSUE

[¶ 2] Did the Hearing Examiner correctly conclude that the petitioner's failure to provide a sufficient breath sample constituted a refusal for purposes of Wyoming's implied consent laws, and that offer of a blood or

urine test was not required following the refusal?

## FACTS

[¶ 3] On November 9, 2007, the petitioner was arrested for DWUI, in violation of Wyo. Stat. Ann. § 31–5–233 (LexisNexis 2009). He was taken to the Sublette County Detention Center where, as part of the booking process, he was given his implied consent advisements.[1] The petitioner agreed to a breath test, but failed in three attempts to produce a sufficient breath sample for testing. The booking officer considered the petitioner's conduct to be a refusal to submit to required chemical testing. The refusal led to the suspension of the petitioner's driving privileges for six months, and his disqualification from driving a commercial motor vehicle for one year, pursuant to Wyo. Stat. Ann. §§ 31–6–107 and 31–7–305 (LexisNexis 2009). The petitioner contested the suspensions and requested a contested case hearing before the OAH.

[¶ 4] At the contested case hearing, held on April 30, 2008, the petitioner raised the inter-related issues of whether his failure to provide sufficient breath samples was intentional, and whether, given the failure of that testing, the officer was obligated to offer blood or urine testing. The Hearing Examiner found and concluded that the petitioner's failure to provide an adequate breath sample was caused by his intentional refusal to follow the officer's instructions, and that the petitioner had, therefore, refused chemical testing. The OAH determination was affirmed upon review in the district court. This appeal followed.

## DISCUSSION

[¶ 5] The appeal of a district court's review of administrative agency action is treated by this Court as if the matter came directly from the agency, and we give no special deference to the decision of the district court. *Dale v. S & S Builders, LLC,* 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo.

2008). The scope of our review is dictated by Wyo. Stat. Ann. § 16–3–114(c)(ii) (LexisNexis 2009), which provides as follows:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

. . . .

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

In short, we review the agency's conclusions of law *de novo,* and we apply the substantial evidence standard to evidentiary issues. *Dale,* 2008 WY 84, ¶¶ 25–26, 188 P.3d at 561. The substantial evidence test has been defined as follows:

In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind

---

1. Pursuant to Wyo. Stat. Ann. § 31–6–102(a)(i) (LexisNexis 2009), persons arrested for DWUI are, under specific circumstances, "deemed to have given consent" to a chemical test of their blood, breath, or urine to determine the alcohol concentration therein.

might accept in support of the agency's conclusions. It is more than a scintilla of evidence.

*Id.* at ¶ 11, at 558 (quoting *Newman v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2002 WY 91, ¶ 12, 49 P.3d 163, 168 (Wyo. 2002)). The party challenging the sufficiency of the evidence has the burden of showing the lack of substantial evidence to support the agency's findings. *Bradshaw v. Wyo. Dep't of Transp.,* 2006 WY 70, ¶ 24, 135 P.3d 612, 619 (Wyo.2006).

[¶ 6] Our resolution of these related issues will be somewhat perfunctory, for two reasons: First, the petitioner did not testify at the contested case hearing, which left before the Hearing Examiner only the booking officer's testimony that the petitioner intentionally failed to provide adequate breath samples by repeatedly failing to seal his lips around the mouth piece as instructed. And second, the petitioner has not cited to a single case or statute supporting his contentions. Instead, he has cited two previous OAH decisions that are readily distinguishable from the instant case based upon their facts.[2] *See Nathan v. American Global University,* 2005 WY 64, ¶¶ 5–6, 113 P.3d 32, 33–34 (Wyo.2005) (person challenging agency action must comply with W.R.A.P., including cogent argument and citation to authority).

■ [¶ 7] What we have in this case is substantial evidence, in the form of eye-witness testimony, of the petitioner's refusal to provide a breath sample for chemical analysis. *See Hittner v. State ex rel. Wyo. Dep't of Transp. (In re Hittner),* 2008 WY 91, ¶¶ 9, 16, 189 P.3d 872, 876, 877 (Wyo.2008) (arresting officer's observations establish refusal). The statutory analysis that arises from that refusal is as follows: A person arrested for DWUI under the circumstances of this case has impliedly consented to a chemical test of his blood, breath, or urine to determine the alcohol concentration content of his blood. Wyo. Stat. Ann. § 31–6–102(a)(i). The officer requesting such chemical testing may direct whether the test will be of blood, breath, or urine. Wyo. Stat. Ann. § 31–6–102(a)(i)(C). Refusal to submit to the chemical test results in suspension of driving privileges for a period of six months, and disqualification from driving a commercial motor vehicle for a period of one year. Wyo. Stat. Ann. §§ 31–6–107(a)(i) and 31–7–305(a)(i). There is no statute that requires the officer to offer a blood or urine test once an arrestee has refused the breath test.

## CONCLUSION

[¶ 8] Substantial evidence supports the Hearing Examiner's finding that the petitioner intentionally failed to provide the breath samples necessary for the breath test requested by the booking officer. Such intentional failure constituted a refusal to take the breath test, which refusal led to the statutory implied consent suspension of the petitioner's driving privileges and the additional statutory disqualification from driving a commercial motor vehicle. The officer was not required to offer a blood or urine test.

[¶ 9] We affirm the decision of the district court and the OAH.

---

2. The petitioner cites *In the Matter of Wyo. Dep't of Transp. v. Tucker,* MVID 0052–56565 (where breathalyzer was not functional, officer erred in not giving Tucker option of blood or urine test); and *In the Matter of Wyo. Dep't of Transp. v. Morrison,* MVID 0117–47821 (inability to give a breath sample due to highly emotional state not a refusal).