2009 WY 114

David K. STONE and Nicholas
B. Loundagin, Appellants
(Plaintiffs),

v.

DEVON ENERGY PRODUCTION COM-
PANY, L.P., and Carpenter & Sons,
Inc., Appellees (Defendants).

No. S–08–0267.

Supreme Court of Wyoming.

Sept. 15, 2009.

Rehearing Denied Oct. 13, 2009.

Representing Appellants: Stephen R. Winship of Winship & Winship, P.C., Casper, Wyoming.

Representing Appellees: Scott P. Klosterman of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1] David K. Stone and Nicholas B. Loundagin assigned their operating rights under a state oil and gas lease to Devon Energy Production Company, L.P. (Devon) and Carpenter & Sons, Inc. (Carpenter). When Devon and Carpenter did not offer to reassign the operating rights to them six months before the lease expiration date, Mr. Stone and Mr. Loundagin filed an action against them for breach of contract, eject-

ment, trespass, conversion, an accounting and injunctive relief. In an appeal certified under W.R.C.P. 54(b)[1] from an order granting summary judgment for Devon and Carpenter on the breach of contract claim, we held that the contract required Devon and Carpenter to make a reassignment offer six months before the lease expiration date, but affirmed the partial summary judgment because we concluded Mr. Stone and Mr. Loundagin could not prove they suffered any damages. *Stone v. Devon Energy Production Co., L.P.,* 2008 WY 49, ¶ 24, 181 P.3d 936, 944 (Wyo.2008) (*Stone I*). While noting that proof of the remaining claims for ejectment, trespass and conversion seemed unlikely, we remanded the case to the district court for a determination as to those claims.[2] On remand, the district court granted summary judgment for Devon and Carpenter on the remaining claims. Mr. Stone and Mr. Loundagin appealed.

## ISSUES

[¶ 2] The dispositive issue in this case is whether the district court properly granted summary judgment for Devon and Carpenter on the claims for ejectment, specific performance, trespass, conversion, an accounting and injunctive relief.

## FACTS

[¶ 3] Mr. Stone acquired a state oil and gas lease covering land located in Johnson County, Wyoming in 1997. He later assigned an undivided 50% of the operating rights under the lease to Stone Exploration, Inc. (SEI) and the other undivided 50% of the operating rights to Mr. Loundagin. SEI and Mr. Loundagin then assigned the "shal-

---

1. W.R.C.P. 54(b) provides in pertinent part:

     (b) *Judgment upon multiple claims* ...— When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is not just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision ... which adjudicates fewer than all the claims ... shall not terminate the action....

An order granting partial summary judgment is not a final, appealable order unless the district court certifies it in accordance with Rule 54(b). *Stewart Title Guaranty Co. v. Tilden,* 2005 WY 53, ¶ 6, 110 P.3d 865, 869 (Wyo.2005). The intent of the rule is to prevent piecemeal appeals. *Olmstead v. Cattle, Inc.,* 541 P.2d 49, 51 (Wyo.1975).

2. Mr. Stone and Mr. Loundagin moved for summary judgment on both the breach of contract and ejectment claims. However, the ejectment claim was not addressed at the summary judgment hearing; the summary judgment order addressed only the breach of contract claim.

low" rights under the lease to Carpenter while reserving an overriding royalty interest in the shallow rights and retaining ownership of the "deep" rights. The letter agreement provided that Carpenter would offer reassignment of the operating rights to SEI and Mr. Loundagin one year prior to the expiration of the lease. A document attached to the letter agreement identified the expiration date for the lease as April 2, 2002, the date the primary term ended.

[¶ 4] The parties entered into a supplemental agreement in May of 2000 by which Devon acquired most of the rights previously assigned to Carpenter. Carpenter retained a 10% working interest. The supplemental agreement modified the reassignment clause by requiring Devon and Carpenter to make a reassignment offer not later than six months prior to the expiration of the lease. At the time the parties executed the supplemental agreement, there was no production of oil and gas on the lease and it was set to expire on April 2, 2002.

[¶ 5] Devon and Carpenter did not offer to reassign the operating rights under the lease to Mr. Stone and Mr. Loundagin by October 2, 2001, six months before the lease's primary term was to expire. However, Devon and Carpenter began drilling operations on March 30, 2002, and those operations were being diligently conducted prior to expiration of the primary term. The well was completed and production obtained by mid-April 2002.

[¶ 6] In 2006, with production continuing and Devon and Carpenter still claiming ownership of the shallow rights under the lease, Mr. Stone and Mr. Loundagin filed their complaint for ejectment, specific performance, breach of contract, trespass, conversion, an accounting and injunctive relief. On the parties' cross motions for summary judgment, the district court granted Devon's and Carpenter's motion for summary judgment on the breach of contract claim. While concluding the reassignment clause required Devon and Carpenter to offer to reassign the operating rights to Mr. Stone and Mr. Loundagin prior to six months before the lease actually expired, the district court held that the obligation to make the offer never arose

because the lease term did not expire but was extended by the drilling operations that occurred prior to the end of the lease term.

[¶ 7] In *Stone I*, we affirmed the summary judgment on the breach of contract claim but reached that result for different reasons than the district court. We agreed that the reassignment clause required Devon and Carpenter to make the reassignment offer by October 2, 2001, six months before the lease expiration date. *Stone I*, ¶ 19, 181 P.3d at 942. However, we did not agree that the drilling operations after the expiration date extinguished the reassignment obligation retroactively. We held that the district court erred in its interpretation of the reassignment clause, however, we affirmed the summary judgment because we concluded Mr. Stone and Mr. Loundagin could not show they were damaged by the breach given that the lease never terminated and they continued to enjoy the benefit of the bargain, e.g. the timely payment of overriding royalties due under the lease. *Id.* ¶¶ 20, 24, 181 P.3d at 942–44.

[¶ 8] Addressing the remaining claims in *Stone I*, ¶ 26, 181 P.3d at 944, we said:

> With respect to the remaining claims for ejectment, trespass and conversion, it seems clear from the limited record before us that they, like the damages, cannot be established. Throughout the contractual relationship, Devon has held the right to drill and produce from the lands subject to the lease. The reassignment clause was intended to give Mr. Stone and Mr. Loundagin the right to reassignment of the operating rights in the event it appeared the lease was going to be lost. It was not lost and Devon was operating properly as the working interest owner under the terms of the assignment. It, therefore, seems unlikely that the assignors can prove the elements of ejectment, trespass and conversion because each of these claims requires proof that Devon wrongfully entered and exercised dominion over the property to the exclusion of the assignors. However, the district court has not addressed these claims and we remand this matter for that purpose.

[¶ 9] Back in district court, the parties again filed cross motions for summary judgment on the remaining claims. After a hearing, the district court entered an order granting Devon's motion. Mr. Stone and Mr. Loundagin appealed.

## STANDARD OF REVIEW

[¶ 10] Our review of the district court's order is governed by the same standards we applied in *Stone I:*

When reviewing an order granting summary judgment, we consider the record *de novo*. Our review of orders granting summary judgment is governed by W.R.C.P. 56(c), which provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

We view the evidence in the light most favorable to the party opposing the motion and give that party the benefit of all favorable inferences which may be fairly drawn from the record. A genuine issue of material fact exists when a disputed fact, if proven, would have the effect of establishing or refuting an essential element of an asserted cause of action or defense. We interpret unambiguous contracts as a matter of law.

*Stone I,* ¶ 9, 181 P.3d at 940 (citations omitted).

## DISCUSSION

[¶ 11] Mr. Stone and Mr. Loundagin contend that our decision in *Stone I* revived their claims for ejectment, specific performance, trespass, conversion, an accounting, and injunctive relief. They argue that, by holding that Devon breached the contract and remanding the other claims to the district court, this Court concluded in *Stone I* that the contract ended when the reassignment offer was not made by October 2, 2001, and Devon did not have the right after that date to possess or commence drilling operations. Mr. Stone and Mr. Loundagin assert that they had the right after October 2, 2001, to possess and develop the lease and, by retaining possession and going ahead with drilling operations, Devon unlawfully kept them out of possession. Thus, they contend, the district court erred in granting summary judgment on their ejectment, trespass and conversion claims, all of which required them to prove only that they had a right to the property in question and Devon wrongfully kept them from possession.

[¶ 12] Devon presents various arguments in response, including: 1) this appeal is moot because, while they now assert that the claims for ejectment, trespass and conversion were effectively resolved by the partial summary judgment order, Mr. Stone and Mr. Loundagin failed in *Stone I* to raise any claim of error involving those claims, and argued instead only the breach of contract claim; 2) this Court's decision in *Stone I* is the law of the case and statements therein to the effect that Devon, as the working interest owner, acted properly in drilling and producing the lease are dispositive of the present claims; and 3) the district court correctly concluded that no genuine issue of material fact existed on the present claims because Mr. Stone and Mr. Loundagin could not show they had the right to possession of the lease and Devon illegally possessed it.

[¶ 13] We conclude that the district court properly granted Devon's and Carpenter's motion for summary judgment although we arrive at that result for slightly different reasons than those advanced by the parties. *Stone I* came to this Court upon the district court's certification under Rule 54(b) that there was no just reason for delay, meaning that the summary judgment order constituted a final judgment even though it did not address all of the claims. Out of an abundance of caution, this Court remanded the case to the district court despite the certification that it constituted a final judgment because it was clear from the record before us that the summary judgment proceedings focused exclusively on the correct interpretation of the reassignment provision in the supplemental agreement. That was the only issue the parties addressed at the summary

judgment hearing and it was the only issue addressed in the district court's decision letter, which stated: "Summary judgment on the issue of interpretation of the relevant portion of the lease and assignment is granted in favor of Defendants."

[¶ 14] It was also clear from the record before us in *Stone I* that the district court intended at the time of its decision letter for the summary judgment order to be a partial, and not a final, order. In a footnote, the district court instructed defense counsel to draft a proposed order granting "partial" summary judgment for Devon for the very reason that resolution of the contract issue might not resolve the entire matter. What was not clear from the record in *Stone I*, but is clear from the record presented in this second appeal, is that defense counsel did as instructed and sent the proposed order to counsel for Mr. Stone and Mr. Loundagin who then revised it to reflect the "finality" of the decision by taking out the word "partial" and including Rule 54(b) certification. Counsel made these revisions because in his words, "from a practical standpoint, the Judge's interpretation of paragraph 6 of the Supplemental Agreement has effectively decided this case." The district court issued the order as revised by counsel for Mr. Stone and Mr. Loundagin.[3]

[¶ 15] Thus, the record currently before this Court reflects that at the time the first summary judgment order was entered, the parties, including Mr. Stone and Mr. Loundagin, and the district court intended the order to be the final judgment. A district court's determination to certify a case under Rule 54(b) is a discretionary one, and this Court will only reverse such a determination where there is an abuse of discretion. *Wetering v. Eisele,* 682 P.2d 1055, 1059 (Wyo. 1984). Given the facts as we now know them, this Court would not have concluded the district court abused its discretion in certifying the case, even if that claim had been made in *Stone I.* The order appealed in

*Stone I* was certified to be a final order and the remand to the district court in *Stone I* was improvident.

[¶ 16] Turning to the arguments Mr. Stone and Mr. Loundagin present in this second appeal, we conclude they are without merit. We held in *Stone I* that Devon breached the supplemental agreement when it did not make the reassignment offer by October 2, 2001. We further concluded, however, that the lease never terminated and Devon retained the right to drill and produce the lands subject to the lease. *Id.,* ¶¶ 24, 26, 181 P.3d at 944. The construction Mr. Stone and Mr. Loundagin give to *Stone I,* i.e., that the agreement ended upon the breach and Devon lost its right to possess and develop the lease, ignores this conclusion.

[¶ 17] Wyo. Stat. Ann. § 1–32–202 (Lexis-Nexis 2009), the provision Mr. Stone and Mr. Loundagin rely upon to support their claim for ejectment, provides as follows:

> In an action to recover real property it is sufficient if the plaintiff's petition states that he has a legal estate in and is entitled to possession of the real property . . . and that the defendant unlawfully keeps him out of possession. . . .

Because under *Stone I* Devon retained the right to drill and produce the lands subject to the lease, Mr. Stone and Mr. Loundagin cannot show that they were entitled to possession of those lands or that Devon unlawfully kept them out of possession.

[¶ 18] Their claims for trespass and conversion fail for the same reason. A claim for trespass requires the plaintiff to show that he had the right to take immediate possession at the time of the trespass. *Skane v. Star Valley Ranch Ass'n,* 826 P.2d 266, 268 (Wyo.1992). In an action for conversion, the plaintiff must show:

> (1) he had legal title to the converted property; (2) he either had possession of the property or the right to possess it at

---

3.  The district court may have issued the revised order despite having instructed defense counsel to prepare a partial summary judgment order because the parties had indicated at the summary judgment hearing that determination of the contract issue likely would assist them in resolv-

ing the remaining issues. Upon presentation of the revised order containing the Rule 54(b) certification, the district court may well have thought the parties had in fact resolved the case in its entirety.

the time of the conversion; (3) the defendant exercised dominion over the property in a manner which denied the plaintiff his rights to use and enjoy the property; (4) in those cases where the defendants lawfully, or at least without fault, obtained possession of the property, the plaintiff made some demand for the property's return which the defendant refused; and (5) the plaintiff has suffered damage by the loss of the property.

*Johnson v. Reiger,* 2004 WY 83, ¶ 27, 93 P.3d 992, 999–1000 (Wyo.2004). Mr. Stone and Mr. Loundagin cannot make the requisite showing to sustain their claims for trespass and conversion. They likewise cannot make the showing required to entitle them to specific performance or injunctive relief. *Stone I* precludes all of these claims. The district court properly granted summary judgment for Devon and Carpenter.

[¶ 19] Affirmed.