2010 WY 62

**ALPINE LUMBER COMPANY**
and Alpine Installations, LLC,
Appellants (Defendants),

v.

**CAPITAL WEST NATIONAL BANK,**
Appellee (Plaintiff).

No. S–09–0057.

Supreme Court of Wyoming.

May 18, 2010.

**870**

Representing Appellants: Patrick Dixon, Casper, Wyoming.

Representing Appellee: John C. Patton, Terry W. Connolly of Patton & Davison, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE *, and BURKE, JJ.

KITE, Justice.

[¶ 1]  Alpine Lumber Co. and Alpine Installations, LLC ("Alpine") supplied materials to a residential construction project in Casper, Wyoming, and did not receive payment.  Alpine filed liens within 120 days of providing materials and contends the liens were timely because Alpine was a "contractor" under Wyoming's lien statutes.  The district court granted partial summary judgment against Alpine holding *Weyerhaeuser Co. v. Walters*, 707 P.2d 733 (Wyo.1985) controlled, Alpine was a materialman and the applicable statutes required the liens to be filed within 90 days of providing the materials.  We affirm.

**ISSUES**

[¶ 2]  Alpine presents one issue for this Court's determination:

I.  Whether the District Court was in error in concluding that the Appellants were "materialmen" (and thus required to file their liens within 90 days) and not contractors (and thus required to file their liens within 120 days) as those terms are defined by Wyoming Statute § 29–2–201 (LexisNexis 2007).

Capital West National Bank ("Capital West") phrases the issue as follows:

Issue 1:  If an entity provides only materials to a builder/contractor who is also the property owner, is that entity a materialman or a contractor?

* This case was reassigned to Justice Kite on April 15, 2010.

**FACTS**

[¶ 3]  McDonald Homes, LLC (McDonald) was a Wyoming limited liability company with principal offices in Loveland, Colorado.  McDonald was in the business of residential development, i.e., building and selling residential homes.  In the spring of 2006, McDonald commenced a project of developing and constructing some thirty residential homes on properties it owned in Casper.  Capital West National Bank (Capital West), provided the financing for these projects and received mortgages on the homes and property.  Alpine Lumber Company is a Colorado corporation, and is in the business of commercial and retail sale of lumber and other building supplies for construction projects.  Alpine Installation, LLC is a subsidiary of Alpine Construction and supplies window and door assemblies.

[¶ 4]  Alpine entered into contracts with McDonald to provide materials for the construction of the residences on McDonald's property.  Between May and September 2006, they shipped materials to Casper which were incorporated into McDonald building projects.  Midway through, McDonald began having financial difficulties and stopped paying its creditors.  A number of homes were completed, others were simply abandoned.  In the end, McDonald was indebted to Alpine for sums in excess of $200,000.  Ultimately, Alpine filed some thirty liens on twenty-two separate properties.  There are twelve liens on seven separate properties involved in this appeal.  Eventually, various entities began to foreclose on the properties.  In particular, Capital West filed its Complaint for Judgment and Foreclosure on May 10, 2007.  It is undisputed that none of Alpine's liens were filed within 90 days of the last day of providing material and that all of their liens were filed within 120 days of that date.

**STANDARD OF REVIEW**

[¶ 5]  When reviewing a district court's order granting summary judgment, we consider the record *de novo*.  *Stone v.*

*Devon Energy Prod. Co., L.P.,* 2009 WY 114, ¶ 10, 216 P.3d 489, 492 (Wyo.2009).

> The propriety of granting a motion for summary judgment depends upon the correctness of a court's dual findings that there is no genuine issue as to any material fact and that the prevailing party is entitled to judgment as a matter of law.

*Wyoming Medical Center v. Wyoming Ins. Guar. Ass'n,* 2010 WY 21, ¶ 11, 225 P.3d 1061, 1064 (Wyo.2010), quoting *McGarvey v. Key Prop. Mgmt. LLC,* 2009 WY 84, ¶ 10, 211 P.3d 503, 506 (Wyo.2009). *See also,* W.R.C.P. 56(c).

[¶ 6]   There are no disputes of fact in this case. Instead, resolution of the issue presented here depends on interpretation of the lien statutes. Statutory interpretation is a question of law, reviewed *de novo* without any deference to the district court's determinations. *Wyoming Dep't of Revenue v. Exxon Mobil Corp.,* 2007 WY 112, ¶ 15, 162 P.3d 515, 522 (Wyo.2007). *See also, Powder River Coal Co. v. Wyoming Dep't of Revenue,* 2006 WY 137, ¶ 9, 145 P.3d 442, 446 (Wyo.2006).

### DISCUSSION

[¶ 7]   Contractor's or materialmen's liens are authorized pursuant to Wyo. Stat. Ann. §§ 29–2–101 through 29–2–111 (LexisNexis 2009). Alpine recorded contractors/materialmen liens pursuant to § 29–2–101(a) which provides, "[E]very person performing any work on or furnishing any materials or plans for any building or any improvement upon land shall have for his work done or plans or materials furnished a lien upon the building or improvements, and upon the land of the owner on which they are situated...." Every contractor must file his lien statement within 120 days and "every other person" must file within 90 days after the last day when work was performed or materials furnished under contract or from the date the work was substantially completed or substantial completion of the contract to furnish materials. Section 29–2–106(a)(i) and (ii). If Alpine is considered a contractor, it had 120 days from the last date it provided work, services, or materials to file the liens; if Alpine is a materialman, the 90 day time limitation applies.

[¶ 8]   Our rules of statutory interpretation are well established:

> [W]e begin by inquiring into the ordinary and obvious meaning of the words employed by the legislature according to the manner in which those words are arranged. If more than one reasonable interpretation exists, we resort to general principles of statutory construction. When the legislature has spoken in unambiguous terms, however, we are bound to the results so expressed.

*Wyodak Res. Dev. Corp. v. Wyoming Dep't of Revenue,* 2002 WY 181, ¶ 18, 60 P.3d 129, 137 (Wyo.2002).

[¶ 9]   The statute contains the following definitions:

**§ 29–1–201.   Definitions;   agency relationships presumed.**

(a) Except as otherwise provided, as used in this title:

(i) "Contractor" means:

(A) A person employed by and contracting with an owner to improve an owner's property....

. . . .

(iii) "Improve or improvement" means:

. . . .

(B) Any work performed or material furnished for the permanent change of any real property; and

. . . .

(v) "Owner" as used in this act means:

(A) With respect to construction liens: any person with a legal or equitable interest in the property to be changed, altered or improved, for whose use or benefit any improvement shall be made or any materials furnished;

. . . .

(vi) "Subcontractor" or "materialman" means a person other than a contractor performing work or furnishing materials to an owner or a contractor under contract;

[¶ 10]   Alpine contends that because it contracted directly with the owner of the property on which the materials were utilized, it fit the definition of "contractor" un-

der the statute. This Court considered a similar argument twenty-five years ago in the face of very similar facts, applied the rules of statutory construction, and held that the supplier of materials to an owner was not a contractor. We reasoned:

Appellant contends that a lien claimant who furnishes materials to the owner of the property being improved, pursuant to a contract, is a contractor and entitled to 120 days from the last date of delivery of materials in which to file a lien.

Appellant fashions its own definition of contractor as a "person employed by and contracting with an owner to improve an owner's property, by *performing work or furnishing materials.*" Appellant, in effect, paraphrases the statutory definition of improvement, § 29–1–201(a)(iii)(B), underlined above, and adds it to the statutory definition of contractors. § 29–1–201(a)(i). Appellant's definition is misleading and improper. The fact that "improvement" is defined in the disjunctive, to include "work performed or material furnished" for the improvement of real property, does not relate to or affect the definitions of "contractor," "subcontractor," or "materialman."

The statutory language is plain and unambiguous. A "contractor" is a person "employed by and contracting with" an owner. § 29–1–201(a)(i)(A). A "materialman" is a person "other than a contractor * * * furnishing materials to an owner or contractor under contract." Appellant does not fit the statutory definition of a contractor here in that it was not "employed by" the owner, even if we assume it contracted with the owner.

In *American Buildings Company v. Wheelers Stores*, Wyo., 585 P.2d 845, 847 (1978), we said:

" * * * [W]hen a contract concerns the construction of improvements to real property, 'contractor' has a specialized meaning related to the building trades; and it is in this sense that 'contractor' is connected to the law of mechanics' liens, as is a 'subcontractor' and one who supplied materials. The latter has come to be known as a 'materialman'. Statutory terms must be construed in connection with the subject matter with which they are used. *Morrison–Knudson Co. v. State Board of Equalization*, 1943, 58 Wyo. 500, 135 P.2d 927.

* * * *

"The authority is overwhelming that one who merely furnishes materials to the owner or a contractor is a materialman, and not a contractor or subcontractor, within the meaning of the mechanics' lien laws. Anno., short-titled 'Mechanic's Lien—Who Is Materialman,' 141 A.L.R. 321. See also, A.L.R. Bluebooks of Later Decisions. As concluded by the same annotation, one who not only furnishes materials, but installs them, is a contractor or a subcontractor, and not a materialman, within the meaning of mechanics' lien laws. * * * *"

Appellant distinguishes the case before us from the American Buildings Company case because the lien statute applicable in the case here included definitions while the lien statute applicable in that case did not. We do not believe the amendment overruled the American Buildings case. A supplier of materials cannot be converted into a contractor, as appellant has tried to do, by expanding the statutory definition of contractor.

We hold that appellant was a materialman and did not file its lien statement within the time provided by statute.

*Weyerhaeuser*, 707 P.2d at 736.

[¶ 11] Despite this holding and the fact that the legislature has not acted in the intervening twenty-five years to alter this interpretation, Alpine suggests the dissenting opinion should be adopted. However, the only authorities provided in support of such an about-face by this Court are from other states with different statutes and different jurisprudence.

█ █ We are guided in our effort by the doctrine of *stare decisis* which is defined as "the doctrine of precedent, under which a court must follow earlier judicial decisions when the same points arise again in litigation." *Blacks Law Dictionary* 1537 (9th ed. 2009). While the Court has acknowledged

that there are times it must steer away from the doctrine, *SLB v. JEO (In re ANO)*, 2006 WY 74, ¶ 6, 136 P.3d 797, 799 (Wyo.2006), those circumstances are not present here. This is not an issue where the Court has created some right under the common law that it now seeks to change or evolve. This concerns the Court's interpretation of a statute. As strong as the doctrine of *stare decisis* is, the United States Supreme Court has noted that "*stare decisis* in respect to statutory interpretation has "special force"...." *John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 139, 128 S.Ct. 750, 756, 169 L.Ed.2d 591 (2008). It deserves such "special force" because overturning a long established statutory interpretation has the effect of changing that statute, something the legislature has not chosen to do over many years since we decided the *Weyerhaeuser* case. We see no reason to alter this authority.

[¶ 13]   Affirmed.