2012 WY 80

**JACKMAN CONSTRUCTION, INC., a Wyoming corporation, Appellant (Plaintiff),**

v.

**TOWN OF BAGGS, Wyoming, Appellee (Defendant).**

No. S–11–0252.

Supreme Court of Wyoming.

June 12, 2012.

Representing Appellant: Clark Stith, Rock Springs, WY.

Representing Appellee: Thomas A. Thompson and Matthew E. Riehl of Mac-

Pherson, Kelly & Thompson, LLC, Rawlins, WY. Argument by Mr. Riehl.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] Jackman Construction, Inc. (Jackman), was awarded a contract to improve the Town of Baggs' (the Town) water treatment plant. After the project suffered significant delays, payments were submitted and accepted, and a dispute ensued as to whether or not the last payment constituted "final payment." Jackman filed a governmental claim as well as a complaint for breach of contract, both seeking damages from the Town. The Town filed its "Motion for Summary Judgment," which the district court granted. We affirm.

## ISSUES

[¶ 2] Jackman presents three issues for our consideration:

A. Whether the district court erred in finding no genuine issues of material fact and that the last payment by the Town to Jackman was "Final Payment" under the contract between the parties;

B. Whether the district court erred in finding no genuine issues of material fact and that the Town did not expressly acknowledge in writing that the issue of liquidated damages was still unsettled when it made its last payment to Jackman; and

C. Whether the district court erred in finding no genuine issues of material fact and that Jackman was required to submit, but had not submitted, a written "claim" in connection with the Town's imposition of liquidated damages.

## FACTS

[¶ 3] In September of 2006, the Town sought bids to upgrade its water treatment plant. The Town awarded one general contract to Jackman and one general contract to Westech Construction. On December 20, 2006, the Town and Jackman entered a contract detailing the work to be performed by Jackman as well as the price to be paid by the Town.

[¶ 4] Originally, the contract required Jackman to be substantially finished with its construction within 120 days. An additional 30 days was given for finalization, including payment, for a total projected time of 150 days. A "Notice to Proceed" was sent to Jackman on March 15, 2007, effective as of March 22, 2007.

[¶ 5] The dates of the project were affected by change orders filed by the Town. Also, the cost of the project increased. Change Order No. 3, effective July 11, 2007, altered the date of completion to 36 calendar days later, making the date for "final payment" September 26, 2007. Change Order No. 5 increased the contract price by $4,670.00, increased the contract time by 3 days, making the date for "final payment" September 29, 2007. Change Order No. 7 again increased the contract price, this time by $3,488.00 and changed the contract time as well, making the date for "final payment" April 26, 2008. Change Order No. 7 added 208 days for "approved delays." All of these change orders were submitted by Jackman. As it happened, due to project delays, the Certificate of Substantial Completion was dated September 12, 2008, and final completion occurred on October 13, 2008.

[¶ 6] After the project was substantially completed, Jackman sought "final payment" from the Town in the amount of $187,944.08. However, the Town approved "final payment" to Jackman for a smaller amount, $154,968.08. Correspondence from the Town to Jackman incorporated Change Order Nos. 1–7 into the ultimate approval of paying the smaller amount to Jackman. The correspondence also explained that the Town purposefully would withhold $100,000.00 in liquidated damages, at the rate of $500.00 per day, for 200 days of delay by Jackman Construction, pursuant to the contract.

[¶ 7] On June 18, 2009, Jackman approved Change Order No. 7, which recognized a time delay grant of 208 days. On June 20, 2009, Jackman deposited the "final payment" check from the Town, in the amount of $154,968.08, which reflected the

"final payment" approved by the Town, not the amount requested by Jackman of $187,944.08. One year later, Jackman filed its "Notice of Governmental Claim under Wyo. Stat. Ann. § 1–39–113 and Itemized Statement of Claim" against the Town. In its claim, Jackman sought damages in the amount of $221, 600, 00, claiming $100, 000.00 in "unjustified assessment of liquidated damages" and $121, 600.00 in "other damages" due to additional expenses incurred by Jackman as a result of delay caused by the Town. Subsequent to its governmental claim, Jackman filed its complaint for breach of contract and unjust enrichment in which it sought $221,600.00 from the Town.

[¶ 8] On July 11, 2011, the Town responded with its motion for summary judgment seeking final disposition on the grounds that: 1) Jackman failed to submit timely written notice of claims as required by the parties' contract and failed to comply with the contract regarding changes in contract price in that Jackman did not make any claim for any adjustment in the contract price; 2) pursuant to the contract, Jackman waived all claims against the Town when it accepted "final payment" from the Town; and 3) "unjust enrichment" is unavailable as a remedy because these parties have an express contract.

[¶ 9] The district court granted the Town's summary judgment as to both the $100,000.00 in liquidated damages, and the $121,600.00 in other damages. The court stated that pursuant to the clear and unambiguous contractual terms, "Jackman Construction failed to make a written request of its claim and also waived any further claim against the ... Town after ... accept[ing] final payment." Also, Jackman's failure to notify the Town of *any* claim, during *any* time, falls far beyond the parameters of any waiver argument and cannot absolve it of its failure to abide by the clear contractual terms. This appeal followed.

## STANDARD OF REVIEW

[¶ 10] When reviewing an order granting summary judgment, we consider the record *de novo*. *Stone v. Devon Energy Prod. Co., L.P.,* 2009 WY 114, ¶ 10, 216 P.3d 489, 492 (Wyo.2009).

[W]e have exactly the same duty as the district judge; and, if there is a complete record before us, we have exactly the same material as did [the district judge]. We must follow the same standards. The propriety of granting a motion for summary judgment depends upon the correctness of a court's dual findings that there is no genuine issue as to any material fact and that the prevailing party is entitled to judgment as a matter of law. This court looks at the record from the viewpoint most favorable to the party opposing the motion, giving to him all favorable inferences to be drawn from the facts contained in affidavits, depositions and other proper material appearing in the record.

*Wyo. Med. Ctr. v. Wyo. Ins. Guar. Ass'n,* 2010 WY 21, ¶ 11, 225 P.3d 1061, 1064 (Wyo. 2010) (quoting *McGarvey v. Key Prop. Mgmt. LLC,* 2009 WY 84, ¶ 10, 211 P.3d 503, 506 (Wyo.2009)).

[¶ 11] The summary judgment ruling challenged in this case arose out of the district court's determination that the parties' agreement was clear and unambiguous. We review that determination by applying the following standards:

The initial question of whether the contract is capable of being understood in only one way is a question of law for the court. If the court determines that the contract is capable of being understood in only one way, then the language used in the contract expresses and controls the intent of the parties. In such case, the next question, what is that understanding or meaning, is also a question of law. When we review the district court's summary judgment decisions that a contract is capable of being understood in only one way and what that understanding is, we accord no deference to those decisions. As we have said, "[w]e are ... at liberty to make a determination as to the existence of ambiguity whether or not the parties here agree thereto one way or the other, and whether or not the trial court has reached a conclusion thereon one way or the other."

*Examination Mgmt. Servs. v. Kirschbaum,* 927 P.2d 686, 689 (Wyo.1996) (internal citations omitted).

## DISCUSSION

### Final Payment

[¶ 12] Although Jackman's issue before us is generally whether summary judgment was appropriate, it is specific in clarifying each issue. First, Jackman argues that the district court erred in finding no genuine issues of material fact that the last payment from the Town to Jackman was "final payment," as defined by the contract.

[¶ 13] After a *de novo* review of the record, we conclude that the last payment from the Town to Jackman was indeed "final payment" as we will explain. Although it would be dispositive here if the check stated "final payment," that does not mean a genuine issue of material fact exists regarding whether or not check no. 1050 was "final payment." The record and timeline of events reveal sufficient evidence to support that conclusion. On April 3, 2009, the Town Engineer received Pay Request No. 3 from Jackman, as required by Article 14.07 of the contract. Pay Request No. 3 makes no reference to "final payment," which the contract did not require. Notably, however, a corresponding "Notice of Acceptance and Final Payment" was published for three days in the Rawlins Daily Times in accordance with Wyoming law. The final publication indicated that the contractor would be paid the "final payment" and the "full amount due him" on May 26, 2009.

[¶ 14] On May 26, 2009, the Mayor of Baggs executed Change Order No. 7, and signed Pay Request No. 3. Also, a "Supplement to Pay Request No. 3" was executed, entitled "Explanation for difference in payment from Contractor requested amount." On June 18, 2009, Jackman agreed to Change Order No. 7, and on June 30, 2009, check no. 1050 was endorsed and cashed by Jackman.

[¶ 15] Jackman concedes that it submitted to the project engineer two written requests for extensions of time over the course of the project. The parties memorialized the need for a 208–day increase in contract time

in Change Order No. 7, executed by the project engineer on April 7, 2009, the Town on May 26, 2009, and Jackman on June 18, 2009. No record exists showing that Jackman sought or the Town gave *express* written acknowledgement of an unsettled claim regarding liquidated damages. Although Jackman points this Court to the Town Council minutes, the Town's letter entitled "Supplement to Pay Request No. 3," and even a written objection to the Town's assessment of liquidated damages prior to May 26, 2009, we cannot conclude any are sufficient under the clear terms of the contract to preserve Jackman's claim after it accepted "final payment." We will address those points, but conclude here that no issue of material fact exists to show any other scenario than that "final payment" was submitted by the Town, and accepted and cashed by Jackman.

### Waiver

[¶ 16] Jackman also argues that summary judgment was inappropriate because Section 14.09 of the General Conditions of the contract was ambiguous. Jackman points to the following language:

A. The making and acceptance of final payment will constitute:

. . . .

2. a waiver of all Claims by Contractor against Owner other than those previously made in accordance with the requirements herein and *expressly* acknowledged by Owner in writing as still unsettled. [Emphasis added.]

[¶ 17] Jackman argues first that the payment received was not final. Jackman submits that it received express acknowledgement in writing from the Town acknowledging unsettled claims in the form of a letter, the Town Council minutes, the Town's letter entitled "Supplement to Pay Request No. 3," and a written objection to the Town's assessment of liquidated damages prior to May 26, 2009.

[¶ 18] In our estimation, Jackman has a less fixed definition of "express acknowledgment in writing" than does the Town. Jackman points to three choices that ostensibly

show the Town's acknowledgement of unsettled claims, while the Town says there are none. Whether or not that difference precludes summary judgment, we discuss below.

[¶ 19] Having determined that Jackman accepted "final payment," we are now asked to determine if Jackman thus waived its right to object to liquidated damages being withheld. Jackman asserts that the Town's explanation letter accompanying "final payment" recognized a difference between the amount requested, and the amount paid, and thus impliedly recognized an unsettled claim between these parties. Also, Jackman asserts that by orally objecting to the liquidated damage amount ($100,000.00) at a Baggs Town Council meeting, the minutes from that Town Council meeting suffice as a "written acknowledgement of an unsettled claim."

[¶ 20] The clear terms of the contract required Jackman to have submitted written notice of its claims. The contract also provided that, without express acknowledgement by the Town of the "unsettled" nature of any claims, the "acceptance of final payment" constituted a waiver of all claims by Jackman. By the unambiguous terms of the contract, Jackman was required to secure in writing the Town's express acknowledgement that liquidated damages were still unsettled as a condition precedent to the present suit, if Jackman intended on depositing the check as "final payment." Our review of the record shows that Jackman never requested such an acknowledgement nor did the Town give one. Instead, Jackman signed Change Order No. 7 and acknowledged that it was entitled to 208 additional contract days. When check no. 1050 arrived, Jackman deposited it. Under the express language of the contract, Jackman waived all claims against the Town.

### CONCLUSION

[¶ 21] We affirm the district court's decision granting summary judgment in favor of the Town. Under the clear and unambiguous terms of the contract, Jackman agreed to waive all claims by accepting "final payment," which it did. Affirmed.